Lonnie **CLEMMONS**, Jr., **Appellant**,

v.

The **STATE** of Texas, **Appellee**.
No. 01–81–0251–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 25, 1982.

Willie J. Rhodes, Houston, for appellant.

Larry P. Urquhart, Houston, for appellee.

Before WARREN, DUGGAN and PRICE, JJ.

PRICE, Justice.

The appellant appeals his conviction for murder based on a plea of guilty to the court without a recommendation for punishment which the judge assessed at ten years confinement.

In his first ground of error, the appellant contends that the trial judge committed fundamental error by refusing to conduct an indigency hearing to determine if the appellant is entitled to a free transcript when his appellate attorney was hired by his family.

The record reflects that the trial judge stated to the appellant's retained counsel:

This Court takes the position if his people are able to hire you, they are able to pay for the record.

■ Article 40.09 Sect. 5 V.A.C.C.P. requires the court to conduct a hearing in response to an indigency affidavit to determine if an appellant is entitled to a free transcript. It is the personal financial condition of the appellant and not that of his relatives that is the primary consideration to be made. *Ex Parte King*, 550 S.W.2d 691 (Tex.Cr.App.1977); *Castillo v. State*, 595 S.W.2d 552 (Tex.Cr.App.1980).

■ In the instant case, the appellant filed an affidavit of indigency but the trial court denied him a hearing. While it was error for the trial court to refuse to conduct this hearing, the error is rendered harmless because the record complete with the transcription of the statement of facts is now before this court.

The appellant's first ground of error is overruled.

In his second ground of error, appellant complains that he was denied reasonably effective assistance of counsel at trial. The crux of appellant's contention is that the murder was alleged to have been committed on November 4, 1980. The pauper's affidavit and appointment of counsel were made on November 6, 1980. Appellant, on the same date, waived formal reading of the information and pleaded guilty to the charge contained in the information. He was sentenced, the same day, to a term of ten years. Appellant contends that counsel was ineffective because he did not take sufficient time to investigate the facts of the case, did not interview potential witnesses, and did not try to develop possible defenses or discuss the available options with the appellant.

■ Reasonably effective assistance of counsel is an easier standard to meet in the context of a guilty plea than in a trial, but still requires rendering competent service. A lawyer must actually assist his client in deciding whether to plead guilty by providing him with an understanding of the law in relation to the facts so that any such plea is entered voluntarily and knowingly. Any advice that does not permit an accused to make an informed choice falls below a certain minimum level and the resulting guilty plea cannot be considered to be voluntary. *Mason v. Balcom*, 531 F.2d 717, (5th Cir. 1976); *Herring v. Estelle*, 491 F.2d 125, (5th Cir. 1974); *Walker v. Caldwell*, 476 F.2d 213, (5th Cir. 1973).

■ Before any allegations of ineffective assistance of counsel shall be sustained, they must be "firmly founded" as demonstrated affirmatively by the record. *Faz v. State*, 510 S.W.2d 922, (Tex.Cr.App.1974); *Long v. State*, 502 S.W.2d 139, (Tex.Cr.App. 1973); *Ewing v. State*, 549 S.W.2d 392, (Tex.Cr.App.1977).

■ The record before us contains only the proceeding involved in taking the appellant's plea of guilty. During this plea, the appellant stated to the court that he was pleading guilty freely and voluntarily. The appellant's appointed trial counsel informed the court that he had conferred with his client and that the appellant "thoroughly understood" the consequences of his plea. The prosecutor, during the presentation of the evidence, inquired of the appellant if his attorney had explained all of his rights to him. The appellant stated to the prosecutor that his attorney had informed him of his rights and he understood that by pleading guilty he was "giving up all of his rights" and judicially confessing to the offense of murder.

The record further reflects that an attorney, maintaining he was employed to represent the appellant prior to the plea of guilty, later appeared before the trial court and asked the judge to consider a motion for new trial. At the motion for new trial hearing on November 24, 1980, neither the appellant nor his retained attorney claimed that the appellant had not entered his plea of guilty voluntarily with a full understanding of its consequences, or that his appointed counsel did not discharge his duties effectively and competently.

While the record does not develop what efforts appellant's appointed counsel made

in discharging his obligation of effectiveness, one can not assume that merely because an accused pleads guilty the same day his attorney was appointed that he did not receive reasonably effective assistance of counsel.

The appellant refers this court to many cases holding trial counsel ineffective for not meeting the minimum standards of assistance. However, these cases, unlike the instant case, all arise from an effort seeking post conviction habeas corpus relief after the trial court made findings of fact and conclusions of law developed during an evidentiary hearing. Here, the record must speak for itself and this court can not speculate on matters not of record.

Certainly, the better procedure would be for the trial court, during such pleas of guilty, to more fully develop the attorney-client relationship and all other matters bearing on the quality of one's representation so that this court could better evaluate matters of legal assistance and hopefully alleviate the overburdening effect created by post-conviction allegations of ineffective counsel.

In any event this record does not reflect ineffective assistance of counsel. The second ground of error is overruled.

In his third ground of error, the appellant asserts that he was persuaded to plead guilty unknowingly, involuntarily and unintelligently. He argues that he did not possess the understanding to enter into a guilty plea, as he was unschooled and illiterate to the point that he did not know what he was doing. We disagree.

The record is clear that the trial judge properly admonished the appellant as to his statutory rights pursuant to his plea of guilty as is required by article 26.13 V.A.C. C.P. The appellant made intelligible and appropriate responses to all questions asked of him by the trial judge as well as the prosecuting attorney. Nothing in the record indicates that the appellant was confused or in any way acted involuntarily or unknowingly. Further no such claim was made or pursued during the motion for new trial hearing.

Appellant's third ground of error is overruled and the trial court's judgment is affirmed.