Greenwood v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-085-CR

     SHERRON DANTE GREENWOOD,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the County Court at Law No. 2
Brazos County, Texas
Trial Court # 54-J-93cc
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      On June 30, 1993, we received notice from the county clerk's office that notice of appeal had
been given in this cause and it was set up as a criminal case. We later discovered that it was a
juvenile certification and should have been set up as a civil case. The case was subsequently
docketed in this court as a civil case. Therefore, this case is dismissed as being incorrectly
docketed.
                                                                                     PER CURIAM

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Dismissed
Opinion delivered and filed September 1, 1993
Do not publish 



;                                 Appellee
 

From the 272nd District Court
Brazos County, Texas
Trial Court # 21,909-272
                                                                                                    

O P I N I O N
                                                                                                    

      On direct appeal from an aggravated assault conviction, Van Eldon German attempts to
collaterally attack the validity of a prior conviction used to enhance punishment. German, charged
with murder, plead guilty on an "open plea"


 to the lesser-included offense of aggravated assault. 
Although he plead "not true" to the enhancement paragraph, alleging a prior conviction of
burglary of a motor vehicle, the court found the enhancement paragraph to be "true" and sentenced
German to sixteen years' incarceration.


 German contends the court erred in finding the
enhancement paragraph "true," and seeks a remand for resentencing. He alleges that the prior
burglary conviction is void and cannot be used to enhance his aggravated assault sentence because
it was obtained in violation of his right to effective assistance of counsel. 
COLLATERAL ATTACK OF ENHANCING CONVICTION
      To legally enhance punishment, the state must present evidence that supports the enhancement
allegations contained in an indictment. Owens v. State, 851 S.W.2d 398, 399 (Tex. App.—Fort
Worth 1993, no pet.) (citing Cole v. State, 611 S.W.2d 79, 80 (Tex. Crim. App. [Panel Op.]
1981)). The state may meet this burden by introducing certified copies of the defendant's "pen
packet" i.e., prison record, including the judgment and sentence. Beck v. State, 719 S.W.2d 205,
209 (Tex. Crim. App. 1986). Once the state properly introduces a judgment and sentence and
identifies the defendant with them, regularity of the judgment is presumed, and the burden shifts
to the defendant to prove the invalidity of the prior conviction. Johnson v. State, 725 S.W.2d 245,
247 (Tex. Crim. App. 1987).
      "Lesser infirmities" allegedly present in a prior conviction, such as insufficiency of the
evidence and irregularities in the judgment or sentence, may not be raised in a direct appeal of the
unrelated subsequent judgment. Galloway v. State, 578 S.W.2d 142, 143 (Tex. Crim. App.
[Panel Op.] 1979). However, a prior conviction used for enhancement may be collaterally
attacked on direct appeal of the subsequent conviction if the prior conviction is void due to a
fundamental or constitutional defect. See id.
      The State offered a certified copy of German's pen packet proving up the prior burglary
conviction. German's counsel timely objected to the evidence, stated the specific grounds for the
objection (i.e., ineffective assistance of counsel), and received an adverse ruling. See Tex. R.
App. P. 52(a). 
      The United States and Texas constitutions guarantee the right to reasonably effective
assistance of counsel. Ex parte Duffy, 607 S.W.2d 507, 516 (Tex. Crim. App. 1980). Therefore,
German's complaint of ineffective assistance of counsel in connection with his prior conviction
asserts a constitutional defect. German may, under Galloway, collaterally attack the prior
conviction in this appeal from the aggravated assault conviction because he has alleged a
constitutional defect which, if proven, vitiates the validity of the prior conviction. See Galloway,
578 S.W.2d at 143. We therefore reach the merits of his complaint and review the record to
determine if it establishes his claim of ineffective assistance of counsel. 
STANDARD OF REVIEW IN THIS COLLATERAL ATTACK
      Because this is a direct appeal rather than a habeas corpus proceeding, the habeas standard
of review is not the applicable standard. A writ of habeas corpus after a final felony conviction
is returnable to the Court of Criminal Appeals, and that court may "hear the cause as though
originally presented to said court or as an appeal." Tex. Code Crim. Proc. Ann. art. 11.07 §§
2(a), 3 (Vernon 1977 & Supp. 1995). The Court of Criminal Appeals may accept the trial court's
findings and conclusions, but it is not bound by them. See id. In contrast, German's direct appeal
of his aggravated assault conviction to this intermediate appellate court is not controlled by article
11.07. See id.
      German complains that there is insufficient evidence to support the court's finding of "true"
to the enhancement paragraph in the indictment. That factual question is to be decided by the
finder of fact, the trial judge in this instance. See Washington v. State, 677 S.W.2d 524, 529
(Tex. Crim. App. 1984). However, "sufficient or even overwhelming evidence notwithstanding,
a finding of `true' is improper where the prior conviction alleged for purposes of enhancement
is void." Robinson v. State, 739 S.W.2d 795, 798 (Tex. Crim. App. 1987). 
      Because the trial court found the enhancement paragraph to be "true," it necessarily concluded
that the prior conviction was valid, i.e., German was not deprived of effective assistance of
counsel in the prior cause. As already noted, if German was denied effective assistance of
counsel, the prior conviction is void due to a constitutional defect, and the court's finding of "true"
cannot stand. See id.
      The State proved German's prior conviction by introducing into evidence a certified copy of
his pen packet. The burden then shifted to German to make an affirmative showing of any defect
in the judgment rendering the prior conviction void. See Johnson, 725 S.W.2d at 247. Whether
the collateral attack is lodged against a prior conviction to be used to enhance punishment in an
ongoing trial, or by habeas corpus, a defendant alleging ineffective assistance of counsel must
prove by a preponderance of the evidence that the prior conviction is void. See Ex parte Kunkle,
852 S.W.2d 499, 505 (Tex. Crim. App. 1993); Galloway, 578 S.W.2d at 143. 
      Because German had the burden of proof under a preponderance-of-the-evidence standard,
the sufficiency review on appeal is governed by Meraz v. State, 785 S.W.2d 146, 154-55 (Tex.
Crim. App. 1990):
[W]hen the courts of appeals are called upon to exercise their fact jurisdiction, that is,
examine whether appellant proved his affirmative defense or other fact issue where the law
has designated that the defendant has the burden of proof by a preponderance of evidence, the
correct standard of review is whether after considering all the evidence relevant to the issue
at hand, the judgment is so against the great weight and preponderance of the evidence so as
to be manifestly unjust.
  
(Emphasis added).
      Thus, our inquiry is directed to whether the court's implied finding that German was not
deprived of effective assistance of counsel is so against the great weight and preponderance of the
evidence so as to be manifestly unjust.


 See id.
 INEFFECTIVE ASSISTANCE OF COUNSEL
      An accused is entitled to reasonably effective assistance of counsel in the plea process as well
as at trial. Ex parte Battle, 817 S.W.2d 81, 83 (Tex. Crim. App. 1991). However, before
allegations of ineffective assistance of counsel will be sustained, they must be "firmly founded"
in the record. Ewing v. State, 549 S.W.2d 392, 395 (Tex. Crim. App. 1977). A strong
presumption arises that counsel has provided adequate assistance and has made all significant
decisions in the exercise of reasonable professional judgment. Strickland v. Washington, 466 U.S.
668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984).
      The test for "reasonably effective assistance" in the plea context, under both the Sixth
Amendment of the United States Constitution and article I, section 10, of the Texas Constitution
is the two-prong test set forth in Strickland v. Washington:


 Defendant must show (1) that
counsel's representation fell below an objective standard of reasonableness, and (2) that the
deficient performance prejudiced the defense. Ex parte Battle, 817 S.W.2d at 84.
      Because the court found the enhancement paragraph "true," we must assume that it, sitting
as trier of fact, concluded that German failed to carry his burden to prove by a preponderance of
the evidence either or both of the Strickland prongs. German's burden on appeal is to establish
that implied findings as to both Strickland prongs are so against the great weight and
preponderance of the evidence as to be manifestly unjust. See Meraz, 785 S.W.2d at 155. We
therefore review evidence relevant to both prongs of Strickland under the Meraz standard. See
id. 
Objective Standard of Reasonableness
       A defense lawyer must have a firm command of the facts of the case as well as the governing
law before he can render reasonably effective assistance of counsel. See Ex parte Welborn, 785
S.W.2d 391, 393 (Tex. Crim. App. 1990). Furthermore, the Court of Criminal Appeals has
applied the ABA Project on Standards for Criminal Justice, Standards Relating to the Prosecution
Function and Defense Function section 4.1 (Approved Draft 1971): 
Defense counsel has the responsibility to conduct a prompt investigation of the circumstances
of the case and explore all avenues leading to facts relevant to guilt and degree of guilt or
penalty. The investigation should always include efforts to secure information in the
possession of the prosecution and law enforcement authorities. The duty to investigate exists
regardless of the accused's information or statements to the lawyer of facts constituting guilt
or his stated desire to plead guilty.
  
Ex parte Duffy, 607 S.W.2d at 517.
      Although the reasonably effective assistance of counsel is an easier standard to meet in the
context of a guilty plea—as opposed to conduct at trial—it still requires rendering competent
service. Clemmons v. State, 630 S.W.2d 894, 896 (Tex. App.—Houston [1st Dist.] 1982, no
pet.). A lawyer must actually assist his client in deciding whether to plead guilty by providing him
with an understanding of the law in relation to the facts so that any such plea is entered voluntarily
and knowingly. Id. Any advice that does not permit an accused to make an informed choice falls
below a certain minimum level, and the resulting guilty plea cannot be considered to be voluntary. 
Id.
       German's attorney in the aggravated-assault proceeding elicited the following testimony from
the attorney who represented German in the prior burglary proceeding. Although German
steadfastly declared his innocence, prior counsel did not investigate the facts surrounding the
burglary, either personally or otherwise. He did not attempt to interview anyone even though he
knew there were alleged eyewitnesses. He did not visit the scene. He never attempted to discuss
the burglary offense with the attorney for German's co-defendant, who was later acquitted of the
burglary charge. Although prior counsel discussed the case with the district attorney, he never
obtained a copy of the probable-cause statement from him and filed no motions in the case. 
Instead, prior counsel said that he used his so-called "litmus test" to determine whether German
was lying about his claim of innocence—that is, under counsel's "litmus test," if German would
take probation, then counsel was satisfied of German's guilt and he could appropriately disregard
German's claims of innocence. There is also evidence that prior counsel told German, who had
a ninth-grade education and had just turned seventeen at the time of the burglary, that he
"definitely" would go to prison if he did not plead guilty and take probation. Additionally, the
prior lawyer testified as follows regarding his explanation of the law of the case to German:
      Q:  And did you discuss with him the law of parties for an offense?
      A:  I probably didn't discuss the law of parties with him.
      Q:  Okay.
      A:  Yeah, I think I did. I think I discussed the fact that if—that he could be an accomplice
if somebody else did something and he was with them, it might be considered that they
were acting together and, yeah, so I—yeah, we did discuss that. 
      Considering the foregoing, there is abundant evidence from which one could find and
conclude that German did not receive reasonably effective assistance from his counsel in the prior
proceeding.


 The testimony unequivocally established that he failed to apprise himself of the facts
relevant to the charges. Without that knowledge he could not have provided any guidance when
"advising" German of his options. Furthermore, he failed to accurately inform German of other
relevant considerations regarding his decision to plead guilty—the consequences of not accepting
probation, the probability of success at trial, and the proper explanation of applicable law, for
example. 
Prejudice
      German contends the standard set forth in Ex parte Duffy is applicable and does not require
a showing that, but for counsel's errors, a defendant would have received a lesser sentence. He
contends the test is whether counsel was reasonably likely to render effective assistance and
whether counsel reasonably rendered effective assistance and cites Craig v. State, 825 S.W.2d 128
(Tex. Crim. App. 1992). This is not the governing standard in the plea context. See Ex parte
Battle, 817 S.W.2d at 84.
      Once an accused establishes that his counsel's performance fell below the objective standard
of reasonableness, he must show that counsel's ineffective performance affected the outcome of
the plea process. Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). 
To prove the prejudice prong in a guilty-plea situation, the defendant must show that there is a
reasonable probability that, but for counsel's errors, he would not have plead guilty and would
have insisted on going to trial. Id.; Ex parte Poole, 738 S.W.2d 285, 286 (Tex. Crim. App.
1987).
      The United States Supreme Court in Hill elaborated upon various scenarios and the type of
proof necessary to establish the second prong:
[W]here the alleged error of counsel is a failure to investigate or discover potentially
exculpatory evidence, the determination whether the error `prejudiced' the defendant by
causing him to plead guilty rather than go to trial will depend on the likelihood that discovery
of the evidence would have led counsel to change his recommendation as to the plea. 
Hill, 474 U.S. at 59, 106 S.Ct. at 370.
      One of German's complaints is his prior counsel's failure to investigate. German repeatedly
told his prior counsel that he did not commit the crime. German's co-defendant, upon the advice
of his lawyer, proceeded to trial and was acquitted. We believe it is likely that the evidence
discovered and admitted at the trial of the co-defendant would have been discoverable and
admissible in German's cause, and had it been discovered, would have changed the lawyer's
recommendation that German plead guilty. See id. Moreover, given counsel's conceded failure
to conduct any investigation, it is likely that additional evidence would have been discovered that
would have affected the lawyer's recommendation to German. 
      German also complained of his prior counsel's failure to adequately advise him of his right
to a court-appointed lawyer. The evidence indicates that his counsel told him that going to trial
would cost more than the $1,000 fee for pleading guilty. There is evidence that the prior counsel
knew that German had "a lot of problems with money," and German's mother, who was present
for the meetings with the prior counsel, testified that the lawyer never told German of the
opportunity to have a court-appointed lawyer represent him if he were indigent. Furthermore,
German's mother testified that the prior counsel told German that if he did not take probation, he
would definitely go to prison. 
      We believe that had German's counsel in the prior cause conducted a reasonable investigation,
obtained evidence and then actually assisted German in reaching an informed decision, considering
all relevant facts and circumstances and applicable law, he would have advised German to proceed
to trial. 
Evidence to Support Court's "TRUE" Finding
       At the trial on punishment, the following testimony which supported the court's finding that
the enhancement paragraph was "true" was elicited from German's prior lawyer. The lawyer
estimated that he had met with German more than three times, spending approximately one hour
discussing German's background and the allegations during the first visit. His notes reflect that
German could "read pretty much" and had completed ninth grade. The lawyer thought that he had
discussed the law of parties with German. Prior counsel was aware that German had been arrested
at the scene and that there were alleged eyewitnesses. Counsel also had obtained a copy of the
indictment. The lawyer discussed the option of going to trial and was going to allow German to
pay his fee out over time if he wanted to go to trial. The prior lawyer testified, "You know, I
don't have it in my notes but I'm sure I—that I told him that—that the Court would appoint an
attorney to represent him." The lawyer developed his "litmus test"


 during the nine years he had
been handling criminal matters after he learned that defendants often lie to their attorneys about
their innocence. The lawyer stated: "[I]t just—it's always been my experience that people—I just
never have known anybody that pled guilty that was not guilty." The lawyer was present when
German plead guilty, but did not force him to plead guilty. The judge read German his rights
before the plea was entered and, according to the prior lawyer, there was nothing to indicate that
German's plea was not freely and voluntarily given.
                                                       CONCLUSION
      After reviewing all relevant evidence, we believe that the court's implied findings supporting
the finding of "true" to the enhancement paragraph, were so against the great weight and
preponderance of the evidence as to manifestly unjust. See Meraz, 785 S.W.2d at 154 & n.2, 155. 
The failure to provide German with accurate explanations or information regarding the law,
meaningful application of the law to the facts, his chance of success at trial (all of which were not
possible due to counsel's failure to perform any investigation), the consequences of pleading guilty
or refusing to accept probation, combined with counsel's discounting German's claims of
innocence because of the "litmus test" results, and the co-defendant who went to trial and was
acquitted, point to the inevitable conclusion that German's decision to plead guilty could not have
been based on a reasoned evaluation of the facts and applicable law, but rather upon fear,
misunderstanding and misinformation. We further conclude that had the lawyer's conduct met the
required standard, i.e. conducted an investigation and given accurate information, German would
not have plead guilty but would have insisted on going to trial. See Hill, 474 U.S. at 59, 106
S.Ct. at 370; Ex parte Pool, 738 S.W.2d at 286.
      The court's conclusion that German failed to establish his ineffective-assistance-of-counsel
claim by a preponderance of the evidence is so against the great weight and preponderance of the
evidence as to be manifestly unjust. We hold that German established his ineffective-assistance-of-counsel claim in accordance with the Meraz standard of review. Therefore, the court erred in
finding the prior conviction valid, and in finding the enhancement paragraph "true." This cause
is reversed and remanded for a new punishment hearing. See Tex. Code Crim. Proc. Ann. art.
44.29(b) (Vernon Supp. 1995).
 
                                                                               BOB L. THOMAS
                                                                               Chief Justice

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Reversed and remanded for a new punishment hearing
Opinion delivered and filed July 5, 1995
Do not publish