**Beasley FIELDS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 38505.**

Court of Criminal Appeals of Texas.

Nov. 3, 1965.

Robert B. Maloney, Sam N. Vilches, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., Jim Miller, Mike Everett and John Allison, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The offense is burglary; the punishment, ten years confinement in the state penitentiary.

The state adduced evidence from Mr. Adrian T. Willi, who testified that he owned a house located at 1818 Kraft Street in the County of Dallas, State of Texas. The house was a building and it had four walls, a roof and a floor, and it was capable of being locked. On November 29, 1964, Mr. Willi had occasion to visit his property at 1818 Kraft Street, which had been vacated by a tenant only the day before. Upon such occasion he secured the windows and doors in said house by nailing them shut

and locking the doors. On Monday, November 30, 1964, he returned to the house and noticed that the back door was open and that the lock mechanism had been broken off. All of the copper fittings and pipes had been taken from the water heater, the commode and from the back drain of the tub. Mr. Willi estimated the cost of replacement at approximately $135.00. The record reflects that Mr. Willi had possession and control of the house and the things contained therein. The pipe fittings belonged to him. He did not give his consent to anyone, including Beasley Fields, to break and enter into the house and remove the property therefrom.

Tony Laman was called as a state witness. He testified that he was employed by the Empire Iron and Metal Company in Dallas, Texas, located at 1910 Singleton Boulevard. The company was in the scrap metal business. On or about Tuesday or Wednesday subsequent to November 30, 1964, he had occasion to purchase some copper tubing from an individual who gave his name as Cooks. He had done business with Cooks at least eight times and Beasley Fields was in fact the man known to him as Cooks. He related that he bought copper tubing and brass fittings from Cooks on said date and paid him approximately 30¢ a pound or around $3.00. The pieces of pipe were short and had been broken off their fittings. This witness testified that Detective Dees was present when this transaction occurred and as a result of a conversation between himself and Detective Dees, the latter went across the street and brought Beasley Fields back with him.

The state called E. D. Dees, who testified that he was a member of the Dallas Police Department in the burglary and theft division and that he had been with the Dallas Police Department 19 years. Detective Dees testified that on December 2, 1964, he saw Beasley Fields, a person known to him, at the Empire Iron and Metal Company. He had a conversation with Tom Laman and Mr. Laman told and showed him something that caught his attention and thereaft-

er he went across the street and arrested Beasley Fields beside the Lacey Food Store. Thereafter, he went back to the office of the Empire Iron and Metal Company and subsequently proceeded to City Hall. He and Beasley Fields were the only occupants of his car, and he drove his automobile into the basement of City Hall and Beasley Fields was sitting in the passenger seat of the car. When the automobile stopped in the basement, appellant Fields jumped out of the car and ran up the ramp onto Commerce Street. Detective Dees hollered at him to stop and when he did not, Mr. Dees got back into his car and drove out onto Commerce Street in an attempt to find appellant. He located appellant walking East on Main Street and called to him, and appellant came over and got back in the car. He subsequently took appellant back to the burglary and theft office in City Hall. The time of arrest was approximately 3:00 in the afternoon, and they arrived at the office of burglary and theft at approximately 3:45 p. m. Upon reaching the office he talked with appellant for approximately 10 minutes, and at the end of that time he and appellant and Detective J. H. Jones got into a car and proceeded at the directions of appellant to 1818 Kraft Street. Upon reaching the location Detective Dees had a conversation with a lady who lived next door. Subsequently appellant, accompanied by the detectives, returned to City Hall where appellant was placed in jail. At this point, the jury was retired, and Detective Dees was taken on direct examination by state's counsel. Outside the presence of the jury, Detective Dees testified that on December 3, 1964, at about 11:00 in the morning he had a conversation with Beasley Fields. He gave him the statutory warning and told him he had a right to talk to a lawyer before giving any statement. Appellant stated he did not want to get a lawyer at this time. He related that Beasley Fields gave a voluntary statement concerning this offense, which was reduced to typewriting and appellant was given a copy of the statement. The statement was then read to appellant

in its entirety. Subsequently appellant signed the statement in the presence of a witness. The statement was given in the interrogation room of the burglary and theft bureau, and for the most part only Detective Dees and appellant were present during this interview. Subsequent to the examination by counsel, the court made a finding of fact that said statement was voluntarily given and was admissible into evidence. The jury was then returned to the jury box, and the state laid the predicate with the detective for the admission of the statement into evidence. The statement was marked as State's Exhibit No. 1, and at the time it was offered into evidence appellant's counsel announced "no objections". Thereafter, said statement was received into evidence and read before the jury.

The statement of appellant relates that he went to a vacant house at 1818 Kraft where his sister had recently móved from. "I entered the house through the back door. I took all the copper tubing from the hot water heater and the bathroom. I sold this copper the next day at Empire Iron and Metal Company on Singleton Boulevard. I got about $3.00 for it."

■ Appellant contends that the evidence is insufficient to sustain the verdict. We find it amply sufficient and overrule this contention.

■ During the jury's deliberations the foreman sent a note to the trial judge, as follows: "Is an unlocked door which is closed considered breaking, if opened by an unauthorized person?" The Court replied: "In answer to the foregoing question the Court refers you to the third paragraph of the charge wherein it states: "The slightest force, however, is sufficient to constitute breaking."

Appellant contends that such an instruction amounts to a comment upon the weight of the evidence by the trial court and that this emphasis by the Court of a portion of its charge bolstered the testimony of the witness, Willi. Appellant cites us no authority in support of his contention. We know of none. The careful trial judge properly instructed the jury by answering their question specifically. They wanted to know what the law was, and the judge told them. We perceive of no error in the trial court's action.

■ The only other contention advanced by appellant is by an informal bill wherein he complains of testimony adduced from the witness, Willi, who was the owner of the premises burglarized. Appellant contends that the property taken was realty, rather than corporeal personal property, since it had been permanently attached to the realty. It is elemental that property loses its character as realty when it is removed or severed. We find no merit in this contention.

Finding no reversible error, the judgment is affirmed.