IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00190-CV

 

Curtis M. Walton, Vernon L. 

Walton, Wayne Walton, 

Elizabeth A. Richie, Everett 

M. Williams, Elizabeth Dowdy, 

Truett Dowdy, Jr., Annabelle 

Sutton, Wynonna Day, and 

Larry Williams,

                                                                      Appellants

v.

 

Watchtower Bible and Tract 

Society of Pennsylvania, RICHARD

CLARK OSBORNE, AND LISA OSBORNE

                                                                      Appellees

 

 



From the 278th District Court

Madison County, Texas

Trial Court No. 02-9927-278-10

 



MEMORANDUM  Opinion










 

      Appellants were descendants of
Lydia Walton, sometimes known as Lyda, and claimed an interest in real property
by virtue of inheritance from her.  Appellants brought suit against Appellees,
namely the Watchtower Bible and Tract Society of Pennsylvania and its
successors in title, on a claim of slander of title and for partition of the
property and for declaratory relief.  The trial court rendered summary judgment
in favor of Appellees.  We affirm.

      Summary Judgment.  In Appellants’ first two
issues, they complain concerning the trial court’s rulings on motions for
summary judgment.  

      In a traditional summary-judgment motion, “[t]he
judgment sought shall be rendered forthwith if” the summary-judgment evidence
“show[s] that . . . there is no genuine issue as to any material fact
and the moving party is entitled to judgment as a matter of law
. . . .”  Tex. R. Civ. P.
166a(c).  In a no-evidence summary-judgment motion, “[t]he court must
grant the motion unless the respondent produces summary judgment evidence
raising a genuine issue of material fact.”  Id. 166a(i).  If the
non-movant does not file a response to a no-evidence motion, the trial court
must grant the motion.  Id.; Springer v. Am. Zurich Ins. Co., 115
S.W.3d 582, 584-85 (Tex. App.—Waco 2003, pet. denied); Jimenez v.
Citifinancial Mortgage Co., Inc., 169 S.W.3d 423, 424 (Tex. App.—El Paso
2005, no pet.); Roventini v. Ocular Scis., Inc., 111 S.W.3d 719, 724
(Tex. App.—Houston [1st Dist.] 2003, no pet.).  When “the trial court’s
order granting summary judgment does not specify the basis for the ruling, we
must affirm the trial court’s judgment if any of the theories advanced are
meritorious.”  W. Invs., Inc. v. Urena, 162 S.W.3d 547, 550 (Tex. 2005); accord Browning v. Prostok, 165 S.W.3d 336, 344 (Tex. 2005); Rogers
v. Ricane Enters., Inc., 772 S.W.2d 76, 79 (Tex. 1989).  

      Appellees’ Motions.  In
Appellants’ first issue, they contend that the trial court erred in granting
Appellees’ motion and supplemental motion for summary judgment.  

      Original Motion.  Appellants
argue that Appellees’ original motion for summary judgment “is essentially a
Motion For No Evidence Summary Judgment.”  (Br. at 5.)  Appellees’ original
motion, however, is a hybrid motion combining a traditional summary-judgment
ground and several no-evidence summary-judgment grounds.  See Tex. R. Civ. P. 166a(c), (i).  In the
motion’s traditional summary-judgment ground, Appellees sought to establish
that Lydia Walton divested herself of all interest in the property by deed to
one of Appellees’ predecessors in title.  Among the no-evidence grounds in
Appellees’ original motion was that there was no evidence that Lydia Walton
retained any interest in the property at her death.

      Appellants appear to address
at least some of Appellees’ no-evidence grounds: Appellants point to evidence
that Walton had an interest in the property during her lifetime.  Appellants
appear, however, to address Appellees’ traditional ground only to the extent of
arguing that Appellees’ summary-judgment evidence constituted inadmissible
hearsay evidence.  See Tex. R.
Evid. 801(d), 802.  We assume without deciding that Appellants preserved
that complaint.[1]  

      “We review a trial court’s
decision to admit or exclude evidence for an abuse of discretion.”  In re
J.P.B., 180 S.W.3d 570, 575 (Tex. 2005) (per curiam) (termination of
parent-child relationship); see City of Brownsville v. Alvarado, 897
S.W.2d 750, 754 (Tex. 1995).  “The test for abuse of discretion is ‘whether the
court acted without reference to any guiding rules and principles’ or, stated
another way, whether its decision was arbitrary or unreasonable.”  City of
San Benito v. Rio Grande Valley Gas Co., 109 S.W.3d 750, 757 (Tex. 2003)
(quoting Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 242 (Tex.
1985)).  

      The evidence of which
Appellants complain is a deed concerning interests in the property among Lydia
Walton’s children.  The deed recites:

      The land herein conveyed and
the interest herein, is all of the interest which we inherited from our
deceased father H.‌[ ]Walton.  We have heretofore conveyed by our
separate deeds the said interest to J.H. Walton, our brother, and the only
other child of H.[ ]Walton, deceased by deed . . . , but the
deeds and the field notes therein were defective, as well as the
acknowledgments, and this deed is made for further consi[d]eration of
correcting our former deeds.

      Said former deeds recited that we were
conveying our interest in and to 62½ acres of land, which 62½ acres was
described as being off of the 100 acre tract and the north end thereof,
heretofore described as first tract[.] The grantors herein, together with the
grantee, had theretofore had a verbal partition with our mother Lyda
E.[ ]Walton, our mother taking 37½ acres off of the south end of said 100
acre tract and all of the 25 acres hereinbefore described as the second tract
to make her 62½ acres of[ ]land.  The partition was actually effected and
accepted by all parties hereto and our mother and we each went into actual
possession, and thereafter our mother conveyed her 62½ acres to the grantee
herein . . . .  Such conveyances were intended to and did
actually convey all of our interest and all[ ]of our mother’s interest in
and to the whole of said tracts herein described, being a total of 125 acres,
so that the grantee herein owns the whole of said 125 acres of land.

(C.R. at 9.)    

      Appellees argue that the
evidence falls into at least two exceptions to the hearsay rule, those for
statements in documents affecting an interest in property and for statements in
ancient documents.  See Tex. R.
Evid. 803(15)-(16).

      Appellants, first, argued in
the trial court and argue on appeal that the evidence did not fall within the
exception for documents affecting an interest in property.  The Rules of
Evidence create an exception to the hearsay rule for:




[a] statement contained in a
document purporting to establish or affect an interest in property if the matter
stated was relevant to the purpose of the document, unless dealings with the
property since the document was made have been inconsistent with the truth of
the statement or the purport of the document.

 

Tex. R.
Evid. 803(15).  Appellants argue
that “the stated purpose of that deed was to correct the field notes and
acknowledgments in previous deeds,” and that the deed’s recitations concerning
Lydia Walton’s interest in the property were not relevant to that purpose.  (Br. at 10.)  It is precisely in connection with correction of the acknowledgments in
previous deeds, so as to reflect that Lydia Walton had conveyed all of her
interest in the property, that the deed makes the statements of which
Appellants complain.  Nor do Appellants contend that dealings with the property
since the deed was made have been inconsistent with the truth of the statement
or the purport of the deed, and we do not see such dealings in the record.

      Appellees also argue that the
evidence falls within the hearsay exception for ancient documents.  The Rules
of Evidence except from the hearsay rule “[s]tatements in a document in
existence twenty years or more the authenticity of which is established.”  Tex. R. Evid. 803(16); see id. 901(b)(8)
(authentication); Zobel v. Slim, 576 S.W.2d 362, 365 (Tex. 1978); Aguillera
v. John G. & Marie Stella Kenedy Mem’l Found., 162 S.W.3d 689, 694-95
(Tex. App.—Corpus Christi 2005, pet. denied).  Appellants did not argue against
the ancient-documents exception in the trial court, but on appeal “Appellants
contend that it is now too late to raise a specific hearsay exception not
raised at the trial level.”  (Reply Br. at 3.)  However, “we must affirm on the
basis of any legal theory supported by the record.”  Dueitt v. Arrowhead Lakes Prop. Owners, Inc., 180 S.W.3d 733, 737 (Tex. App.—Waco 2005, pet.
denied); see Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 199
(Tex. 2002); Sims v. Haggard, 162 Tex. 307, 313, 346 S.W.2d 110, 114
(1961).  Appellees offered a certified copy of the deed recorded for over sixty
years.  The record supports Appellees’ ancient-documents theory of
admissibility.

      Appellants also argue: “All
hearsay exceptions require a showing of trustworthiness.  Even on appeal, there
has been no showing of trustworthiness relative to the statement concerning
oral partition in the 1941 deed.”  (Reply Br. at 3 (citing Robinson v.
Harkins & Co., 711 S.W.2d 619, 621 (Tex. 1986)).)  Rule 803(16)
generally “embod[ies] prior Texas law.”  2 Steven
Goode, Olin Guy Wellborn III, & M. Michael Sharlot, Texas Practice: Guide
to the Texas Rules of Evidence § 803.21 (3d ed. 2002).  Under that
law’s “well-recognized exception to the hearsay rule, the recitals in an
ancient document are admissible as evidence of the facts recited, provided that
the instrument is over thirty” (now twenty) “years old, comes from proper
custody, and is not suspicious in appearance.”  Zobel, 576 S.W.2d at
365; see Tex. R. Evid. 803(16); Goode et al. § 901.10, at 288; 1A
Roy R. Ray, Texas Practice: Texas Law of Evidence; Civil and Criminal
§§ 1371-76 (3d ed. 1980).  “[T]he justification” for the exception is in
“part circumstantial indicia of trustworthiness.  . . . .  Fraud
and forgery are unlikely to be perpetrated so patiently, to bear fruit so many
years after a document’s creation.  Fair appearance and proper location,
therefore, are sufficient additional circumstances to justify admissibility of
an ancient document.”  Goode et al. § 901.10,
at 288.  Appellees’ summary-judgment evidence included a certified copy of a
recorded deed located in the deed records.  Appellants do not point to, and we
do not see, anything suspicious in the deed’s appearance.  The Rules of
Evidence require no further showing of trustworthiness.

 

      Since the trial court would
not have abused its discretion in overruling Appellants’ hearsay objection on
either of Appellees’ hearsay-exception theories, the trial court would not have
erred in overruling the objection.  

      Considering the evidence of
which Appellants complain, the summary-judgment evidence establishes that after
partition of the property Lydia Walton divested herself of all interest in the
property during her life.  

      The trial court did not state
the ground on which it granted summary judgment.  Finding Appellees’
traditional ground sufficient, we do not reach Appellants’ arguments concerning
the no-evidence grounds in Appellees’ original motion.

      Supplemental Motion.  Appellees’
supplemental motion states that Appellants’ second amended petition added a
cause of action for slander of title, and joined Watchtower’s successors in
title, and that the supplemental motion was filed in response thereto.  The
supplemental motion contended that there was no evidence of slander of title
and no evidence as to any claim with respect to the new defendants.  The record
does not contain a response by Appellants to the supplemental motion.  The
trial court would not have erred in granting Appellees’ supplemental motion as
to Appellants’ slander-of-title claim and as to the new defendants.  

      The trial court did not err in
granting Appellees’ motions for summary judgment.  We overrule Appellants’
first issue.

      Appellants’ Motion.  In Appellants’ second issue,
they contend that the trial court erred in overruling their motion for summary
judgment.  Appellants argue that there was no admissible evidence of a
partition.  For the reasons stated above, Appellees’ summary-judgment evidence
of a partition was admissible and probative.  The trial court did not err in
implicitly overruling Appellants’ motion.  We overrule Appellants’ second
issue.

      Attorney’s Fees.  In Appellants’ third issue, they
contend that the trial court erred in implicitly denying their request for
attorney’s fees.  

      “The appellant’s brief must
. . . contain a clear and concise argument for the contentions made,
with appropriate citations to authorities and to the record.”  Tex. R. App. P. 38.1, id. (h). 
In “appeals in civil cases, . . . failure to advance legal analysis,
legal citations, and appropriate references to the record will serve as the foundation
for waiver of such complaints on appeal.”  In re Rose, 144 S.W.3d 661,
676 (Tex. Rev. Trib.), aff’d, 48 Tex. Sup. Ct. J. 104 (Nov. 5, 2004); e.g.,
Fredonia State Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284 (Tex.
1994); see Cathey v. Meyer, 115 S.W.3d 644, 656 (Tex. App.—Waco 2003), aff’d
in part and rev’d in part on other grounds, 167 S.W.3d 327 (Tex. 2005) (per curiam).

      Appellants do not argue
attorney’s fees.  Appellants’ third issue is inadequately briefed.  We overrule
Appellants’ third issue.

      CONCLUSION.  Having overruled
Appellants’ issues, we affirm.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice Reyna

(Justice Vance concurs in the judgment.)

Affirmed

Opinion delivered and filed January 10, 2007

[CV06]









[1]  “As a prerequisite to presenting a complaint for appellate
review, the record must show that . . . the trial court
. . . ruled on the request, objection, or motion, either expressly or
implicitly . . . .”  Tex.
R. App. P. 33.1(a).  “Under our procedural rules, the failure to raise a
complaint at trial . . . waives review of that complaint on appeal.” 
In re B.L.D., 113 S.W.3d 340, 349 (Tex. 2003), cert. denied sub nom.
Dossey v. Tex. Dep’t of Prot. & Reg. Servs., 541 U.S. 945 (2004)
(termination of parent-child relationship); accord Kerr-McGee Corp.
v. Helton, 133 S.W.3d 245, 251 (Tex. 2004); see Brooks v. Northglen
Ass’n, 141 S.W.3d 158, 163 (Tex. 2004).  “[T]he granting of a
summary-judgment motion does not necessarily provide an implicit ruling that
either sustains or overrules objections to the summary-judgment evidence.”  Allen
v. Albin, 97 S.W.3d 655, 663 (Tex. App.—Waco 2002, no pet.).  “[F]or there
to be an implicit ruling, there must be some indication that the trial court
ruled on the objections in the record or in the summary judgment itself, other
than the mere granting of the summary judgment.”  Hogan v. J. Higgins
Trucking, Inc., 197 S.W.3d 879, 883 (Tex. App.—Dallas 2006, no pet.). 
“[T]he better practice is for the trial court to disclose, in writing, its
rulings on all objections to summary-judgment evidence at or before the time it
enters the order granting or denying summary judgment.”  Allen at 663
(quoting Dolcefino v. Randolph, 19 S.W.3d 906, 926 (Tex. App.—Houston [14th Dist.] 2000, pet. denied)).

 

            The
record does not appear to contain a ruling on Appellants’ objection.  The
judgment recites that the trial court “considered” Appellants’ response to
Watchtower’s motion and Appellants’ objections, and that the court grants
Watchtower’s motion; but does not expressly rule on Appellants’ motion or
objections.  (Supp. C.R. at 6.)








l hearing that
he did not file a motion for new trial because he believed error had been preserved for appellate
review. Furthermore, it appears that trial counsel planned on representing Pate during the
appellate process, but because Pate wished to raise ineffective assistance of counsel on appeal, trial
counsel believed another attorney should be appointed to handle the appeal. Thus, even if Pate
had requested an abatement, we do not believe that good cause would exist for suspending the
rules and allowing an out-of-time motion for new trial. Consequently, it is clear that Pate’s
untimely amended motion for new trial was properly overruled by operation of law. 
      We will, however, consider Pate’s point that the trial court abused its discretion in allowing
his timely pro se motion for new trial be overruled by operation of law. See State v. Gonzalez,
855 S.W.2d 692, 696 (Tex. Crim. App. 1993) (the trial judge’s ruling on a motion for new trial
is reviewed on appeal for an abuse of discretion); see also Lewis v. State, 911 S.W.2d 1, 7 (Tex.
Crim. App. 1995); Johnson v. State, 913 S.W.2d 736, 736-37 (Tex. App.—Waco 1996, no pet.). 
In Pate’s pro se motion for new trial he contends that his trial counsel did not fully inform him of
the consequences of his section 12.45 agreement during the punishment phase of the trial, and
thus, counsel provided ineffective assistance. 
      We use the standard established in Ex parte Duffy, 607 S.W.2d 507 (Tex. Crim. App. 1980),
to review the effectiveness of counsel at the punishment phase of a non-capital trial. Vaughn v.
State, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996). This standard is whether “counsel was
reasonably likely to render effective assistance and whether counsel reasonably rendered effective
assistance.” Id.; see Valencia v. State, 946 S.W.2d 81, 83 (Tex. Crim. App. 1997); Raney v.
State, No. 10-96-158-CR, slip op. at 17-18, 1997 WL 784542, * 9 (Tex. App.—Waco Dec. 3,
1997, pet. filed). In examining the effectiveness of counsel we evaluate the totality of counsel’s
representation, recognizing that a defendant is not entitled to errorless counsel but that sometimes
a single error by counsel may constitute ineffective assistance of counsel. See Ex parte Felton,
815 S.W.2d 733, 735 (Tex. Crim. App. 1991); Ware v. State, 875 S.W.2d 432, 434 (Tex.
App.—Waco 1994, pet. ref’d). 
      At the hearing on Pate’s motion for new trial, Pate’s trial attorney testified that during the
sentencing phase of the trial Pate indicated a desire to clean his record of “all the things that could
come back to get him later.” Thus, trial counsel drafted a handwritten section 12.45 agreement
whereby Pate admitted committing four unadjudicated burglaries which the court would consider
in sentencing Pate. See Tex. Pen. Code Ann. § 12.45. Section 12.45 would then bar a
subsequent prosecution for the unadjudicated burglaries Pate admitted committing. Id. This
section 12.45 agreement was signed by Pate, his trial attorney, and the prosecutor. As part of the
agreement, Pate took the stand and orally admitted committing the burglaries listed in the
agreement, plus he identified persons who assisted him in committing those offenses. However,
Pate’s trial counsel stated that he failed to warn Pate that if his appeal was successful his
statements made at punishment could possibly be used against him in further proceedings involving
the four unadjudicated burglaries. The attorney stated that he felt Pate should have had this
information before making his decision whether to admit the four unadjudicated burglaries. 
      First, we are not convinced that Pate’s statements made pursuant to the section 12.45
agreement would be admissible if his burglary conviction is reversed on appeal. See generally
Tex. R. Crim. Evid. 410(2) (statements made pursuant to a guilty or nolo contendere plea are
inadmissible if the plea is later withdrawn); Kercheval v. United States, 274 U.S. 220, 224-25,
47 S.Ct 582, 583 (1927) (same); Childs v. State, 837 S.W.2d 822, 824 (Tex. App.—San Antonio
1992, pet. ref’d) (evidence that a defendant pled guilty but the conviction was reversed on appeal
was inadmissible during trial after the defendant then entered a not guilty plea to the charge); but
see Wallace v. State, 707 S.W.2d 928, 934 (Tex. App.—Texarkana 1986), affirmed, 782 S.W.2d
854 (Tex. Crim. App. 1989); Wells v. State, 115 S.W.2d 658, 660 (Tex. Crim. App. 1938);
Rodriguez v. State, 94 S.W.2d 476, 478 (Tex. Crim. App. 1936). But we need not resolve this
question because we do not believe counsel was ineffective for failing to warn Pate about the
possible collateral consequences of admitting the four unadjudicated burglaries for the court’s
consideration in setting punishment.
      When a defendant pleads guilty to an offense, counsel is not ineffective for failing to warn of
the collateral consequences of this plea. Ex Parte Morrow, 952 S.W.2d 530, 536 (Tex. Crim.
App. 1997). A consequence is collateral if “it is not a definite, practical consequence of a
defendant’s guilty plea.” Id. Specifically, in Ex parte Morrow the defendant was found guilty of
capital murder and while this conviction was on appeal, he pled guilty to three different offenses. 
Id. at 533. After Morrow’s capital murder conviction was reversed on appeal and a new trial
ordered, he then claimed his attorney was ineffective for failing to warn him that his guilty pleas
could be used during a retrial on the capital murder charge. Id. at 535. The Court of Criminal
Appeals decided that Morrow’s attorney was not ineffective and was “under no duty to inform
applicant of the various ways his three guilty pleas could be used against him” at a “hypothetical
retrial” on the capital murder charge. Id. at 536-37.
      While the instant case does not involve a guilty plea as in Ex parte Morrow, the principles
articulated in Morrow are nonetheless applicable. In this case Pate is complaining about how his
admissions made during the punishment phase of the trial might be used in a hypothetical retrial
of his case and in additional trials for the four unadjudicated burglaries. We do not believe that
counsel was ineffective for failing to warn of these potential consequences of his admissions which
are uncertain and indefinite. It is clear that Pate expressed to his trial attorney his desire to “clear
his record” and trial counsel accomplished this by entering a section 12.45 agreement at
punishment. Consequently, Pate’s first point is overruled because Pate received reasonably
effective assistance of counsel at the punishment phase of his trial. 
      In his second point of error, Pate contends that the court erred by taking “no action” after a
juror informed the court that one of the witnesses, Officer Dennis Wilson, was her first cousin. 
Dennis Wilson was originally called to testify by the defense during Pate’s case-in-chief and then
Wilson was recalled by the State to testify as a rebuttal witness. However, after Wilson testified
for Pate, Juror Mattix sent a note to the court stating, “Dennis Wilson is my first cousin.” Pate
then objected to any further testimony from Wilson “[i]n light of the jury note that we received.” 
The court overruled Pate’s objection and Wilson testified during rebuttal. 
      On appeal Pate contends that the court should have questioned Juror Mattix to determine if
she was biased as a result of knowing Wilson. However, Pate’s complaint on appeal does not
comport with his objection at trial. See Leno v. State, 934 S.W.2d 421, 423 (Tex. App.—Waco
1996, pet. dism’d) (a party’s point of error must correspond to the motion made at trial); In re
T.R.S., 931 S.W.2d 756, 758 (Tex. App.—Waco 1996, no pet.). At trial Pate simply objected
to any further testimony by Officer Wilson, but he did not request that the judge question Juror
Mattix to determine if she was biased. Thus, Pate has failed to preserve this point for appellate
review. Tex. R. App. P. 33.1(a)(1); Broxton v. State, 909 S.W.2d 912, 918 (Tex. Crim. App.
1995); Chambers v. State, 903 S.W.2d 21, 32 (Tex. Crim. App. 1995). Pate’s second point is
overruled. 
      In his third point Pate asserts that the court erred in denying his motion to suppress evidence
of three prior misdemeanor convictions. At trial Pate collaterally attacked the validity of these
three prior convictions because he claimed that he was not properly admonished about his right
to counsel and the dangers of self-representation before he entered a guilty plea to the offenses.
      When the defendant seeks to collaterally attack a prior conviction, he has the burden to
overcome the presumption of regularity in the judgment and prove that the prior conviction is
void. See Robinson v. State, 739 S.W.2d 795, 798-99 (Tex. Crim. App. 1987); Galloway v. State,
578 S.W.2d 142, 143 (Tex. Crim. App. [Panel Op.] 1979) (a conviction can be collaterally
attacked if void or tainted by constitutional defect); Ray v. State, 908 S.W.2d 71, 72-73 (Tex.
App.—Beaumont 1995, pet. ref’d); Shipley v. State, 828 S.W.2d 475, 478 (Tex. App.—El Paso
1992, pet. ref’d). A denial of counsel is a constitutional defect which may be raised by a collateral
attack, but to succeed the defendant must show he did not voluntarily, knowingly, and intelligently
waive his right to counsel. See Williams v. State, 946 S.W.2d 886, 900 (Tex. App.—Waco 1997,
no pet.); Garcia v. State, 909 S.W.2d 563, 565 (Tex. App.—Corpus Christi 1995, pet. ref’d);
Campise v. State, 745 S.W.2d 534, 535 (Tex. App.—Houston [1st Dist.] 1988, no pet.); Swanson
v. State, 722 S.W.2d 158, 164 (Tex. App.—Houston [14th Dist.] 1986, pet. ref’d). Standing
alone, a defendant’s assertion that he was denied counsel is insufficient to overcome the
presumption of regularity in favor of the judgment. Williams, 946 S.W.2d at 900 (quoting
Swanson, 722 S.W.2d at 164).
      After Pate testified on his own behalf at trial, the State sought to impeach his testimony with
evidence that Pate had previously pled guilty to theft, criminal trespassing, and possession of
marijuana. The State introduced into evidence a judgment for each of these offenses which states
that the defendant elected to waive an attorney and voluntarily enter a guilty plea. These
judgments are signed by both the county judge and Pate. Additionally, for two of these
convictions, Pate introduced into evidence a signed waiver agreement which lists a defendant’s
rights, including the right to an attorney, and states that the defendant wishes to waive those
rights. 
      Pate argues that the record does not show he was warned of the dangers of self-representation,
and thus, his waiver of his right to counsel was invalid. The United States Supreme Court, in
Faretta v. California, decided that when a defendant chooses to represent himself at trial, the court
must make him aware of the dangers and disadvantages of self-representation so the accused may
make a knowing and intelligent choice to proceed without a lawyer. 422 U.S. 806, 835, 95 S.Ct.
2525, 2541 (1975). However, these warnings are not required when a defendant does not contest
his guilt and simply pleads guilty or no-contest after waiving his right to counsel. Johnson v.
State, 614 S.W.2d 116, 119 (Tex. Crim. App. 1981) (on rehearing); Garcia, 909 S.W.2d at 565-66; Barras v. State, 902 S.W.2d 178, 180 (Tex. App.—El Paso 1995, pet. ref’d); State v. Finstad,
866 S.W.2d 815, 817 (Tex. App.—Waco 1993, pet. ref’d). 
      Thus, we cannot agree with Pate’s contention that his waiver of right to counsel was invalid. 
Not only does the judgment for each of these convictions state that Pate voluntarily waived his
right to counsel, but the county judge for Limestone County also testified that she always
admonishes the individuals who appear in her court about their right to counsel and that she
recalled Pate being a “very happy defendant” when he appeared in her court to plead guilty to
theft. Also, the assistant county attorney testified that when a defendant was entering a guilty plea
without an attorney he would read through the waiver form to make sure the individual knew his
or her rights and wanted to waive them. 
      Consequently, because a defendant is not required to be admonished about the dangers of self-representation before entering a guilty plea and because Pate has failed to show he did not
voluntarily waive his right to counsel in entering a guilty plea to the three misdemeanor offenses,
we believe the trial judge did not err in denying Pate’s motion to suppress this evidence. Pate’s
third point is overruled.
      In his fourth point of error Pate complains that the trial court did not provide an appropriate
answer in response to a jury note which asked the judge,
“May we consider Mr. Watson’s previous history in consideration of his credibility? As
being the evidence against Mr. Pate?”

In response, the court answered, 
 
      “Please follow the instructions in the Charge of the Court.”

Pate objected that the court’s answer did not answer the jury’s question and suggested that the
court inquire as to what the jury meant by Watson’s previous history.
      Article 36.27 provides that a jury may communicate with the court in writing and that the
court shall answer the jury’s questions in writing. Tex. Code Crim. Proc. Ann. art. 36.27
(Vernon 1981). In the court’s answer the judge may give additional instructions to the jury or he
may refer the jurors to the court’s charge. See Ash v. State, 930 S.W.2d 192, 196 (Tex.
App.—Dallas 1996, no pet); see also Herring v. State, 440 S.W.2d 649, 652 (Tex. Crim. App.
1969) (although error was not preserved, the Court stated the trial judge correctly answered the
jury’s question by referring the jurors to the charge and informing the jurors that they were the
exclusive judges of the facts); Fields v. State, 395 S.W.2d 36, 38 (Tex. Crim. App. 1965) (no
error to answer a jury question by referring to a specific paragraph in the charge); Edwards v.
State, 160 S.W. 709, 710 (Tex. Crim. App. 1913) (no error to inform the jury to look to the
charge of the court); Bonner v. State, 820 S.W.2d 25, 29 (Tex. App.—Houston [14th Dist.] 1991,
pet. ref’d) (no error to answer a jury question with correct statements about the law); but see
Gordon v. State, 633 S.W.2d 872, 877 (Tex. Crim. App. [Panel Op.] 1982) (court’s answer
referring jurors to the charge was improper). In the instant case, we do not believe the court erred
in answering this jury question by referring the jurors to the court’s charge. The charge properly
instructs the jurors on the elements of the offense which the State was required to prove beyond
a reasonable doubt and informs the jurors that they are the judges of the credibility of the
witnesses. As we find no error in the court’s response Pate’s fourth point of error is overruled. 
      In his fifth point, Pate claims the court erred in overruling his objection to Ronald Watson’s
testimony because the State failed to provide the defense with a copy of Watson’s criminal history
in a “useable form” because the computer printout provided was difficult to understand and did
not contain specific information about each offense. On appeal Pate claims this violated his 6th
amendment right to confrontation and his right to due process under the 14th amendment of the
United States Constitution. See U.S. Const. amend. VI, XIV. However, at trial Pate’s only
objection was that the State violated the court’s discovery order which directed the State to provide
criminal histories for the State’s witnesses prior to trial. Thus, because Pate’s trial objection does
not comport with his complaint on appeal, we conclude he has failed to preserve error on this
point. See Tex. R. App. P. 33.1; Broxton, 909 S.W.2d at 918; Leno, 934 S.W.2d at 423; In re
T.R.S., 931 S.W.2d at 758. Additionally, we note that when the court overruled Pate’s objection
to Watson’s testimony the judge stated that he would grant Pate a continuance if he was unable to
ascertain the status of Watson’s convictions which could be used for impeachment under Rule of
Criminal Evidence 609, but Pate never requested a continuance. The judge also allowed Pate to
question Watson outside the presence of the jury about his criminal history. Pate’s fifth point of
error is overruled.
      In his sixth point of error, Pate urges that four of the State’s exhibits, the stereo, speakers,
and CD case, should have been suppressed pursuant to article 38.23 of the Code of Criminal
Procedure because the State violated articles 47.01 and 47.03 when they returned these items to
Gamble without a court order. It is clear from the record that article 47.01 was not followed when
officers returned the stolen items to Gamble without a court order. See Tex. Code Crim. Proc.
Ann. art. 47.01 (Vernon Supp. 1998). However, this violation of the statute does not require that
these items be suppressed under article 38.23(a) which provides that evidence obtained by officers
in violation of federal or state law should not be admitted as evidence against the accused in a
criminal case. See Tex. Code Crim. Proc. Ann. art. 38.23 (Vernon Supp. 1998). As we
recently held in Reeves v. State, “Article 38.23(a) may not be invoked for statutory violations
unrelated to the purpose of the exclusionary rule.” No. 10-96-196-CR, slip op. at 15 (Tex.
App.—Waco March 11, 1996, no pet. h.). The stereo, speakers, and CD case were not obtained
by officers in violation of federal or state law, and thus, need not be suppressed due to a violation
of article 47.01. See Collins v. State, 686 S.W.2d 272, 275 (Tex. App.—Houston [14th Dist.]
1985, no pet.); see generally Carroll v. State, 911 S.W.2d 210, 221 (Tex. App.—Austin 1995,
no pet.). 
      In this point Pate also maintains that these items should have been suppressed because the
State failed to prove the chain of custody of the items or Gamble’s ownership of the items. Pate
did not raise this objection at trial either in his motion to suppress or at the time these items were
admitted into evidence. Because no objection was made at trial, no error is preserved for appellate
review. See Tex. R. App. P. 33.1. Pate’s sixth point is overruled.
      In his seventh point of error Pate complains that evidence about his drug use was improperly
admitted into evidence through the testimony of Watson and argued by the State in closing
argument. Pate believes the State failed to give him notice of its intent to introduce this extraneous
bad act, that the evidence was inadmissible, and that trial counsel was ineffective for failing to
object to this evidence. See Tex. Code Crim. Proc. Ann. art. 37.07 §3(g) (Vernon Supp. 1998);
Tex. R. Crim. Evid. 404(b). 
      We agree with the State that Pate has failed to preserve his complaint about both the lack of
notice to the defendant of the State’s intent to introduce evidence about his drug use and his
complaint that this is inadmissible character evidence. The Rules of Appellate Procedure require
a timely, specific objection at trial to preserve error for appellate review. See Tex. R. App. P.
33.1. Pate has not identified any objection in the record where he complained at trial about a lack
of notice that the State intended to introduce this evidence, and we have found none. Thus, any
complaint about a lack of notice is not preserved. See id. Furthermore, Pate did not object either
during Watson’s testimony or during closing arguments to statements about Pate’s drug use. 
These complaints have not been preserved for our review. See id. 
      At trial Pate did have a running objection to Watson’s testimony based on his objection that
Watson should be prohibited from testifying because the State did not furnish a useable criminal
history for Watson, but this objection does not preserve error as to Watson’s testimony about his
and Pate’s drug use. Running objections eliminate the need for a defendant to make a series of
repetitive individual objections to evidence, but the running objection still must be specific as to
the ground for the objection and only that ground is preserved for appellate review. See Ford v.
State, 919 S.W.2d 107, 113 (Tex. Crim. App. 1996); Ethington v. State, 819 S.W.2d 854, 858-59
(Tex. Crim. App. 1991). Because the running objection to Watson’s testimony was not based on
an objection to testimony about Pate’s drug use, it was not a specific objection to this evidence and
we conclude it did not preserve error on this point. 
      Additionally, no specific objection was made to statements in the State’s closing arguments
about Pate’s drug use. Pate’s two objections during the State’s closing did not mention Pate’s drug
use, but relate to the prosecutor’s argument that Watson must have been telling the truth because
he was admitting his involvement in the crime despite the fact that the State could still charge him
with burglary. As no specific objection was made during closing arguments to statements about
Pate’s drug use, this error is not preserved for review. See Tex. R. App. P. 33.1; Valencia v.
State, 946 S.W.2d 81, 82-83 (Tex. Crim. App. 1997); Cockrell v. State, 933 S.W.2d 73, 89 (Tex.
Crim. App. 1996), cert. denied, — U.S. —, 117 S.Ct. 1442 (1997); Cacy v. State, 942 S.W.2d
783, 784 (Tex. App.—Waco 1997, pet. ref’d). 
      Finally, we must review Pate’s contention that his trial attorney was ineffective for failing to
object to testimony and argument about his drug use. In judging the effectiveness of counsel at
the guilt-innocence phase of the trial, we use the standard set by the Supreme Court in Strickland
v. Washington to decide “(1) whether counsel’s performance fell below an objective standard of
reasonableness under prevailing professional norms; and (2) whether there is a reasonable
probability that but for counsel’s deficient performance the result of the proceeding would have
been different.” Valencia, 946 S.W.2d at 83; see Strickland v. Washington, 466 U.S. 668, 687,
104 S.Ct. 2052, 2064 (1984); Madden v. State, 911 S.W.2d 236, 241 (Tex. App.—Waco 1995,
pet. ref’d). We apply a strong presumption that counsel provided reasonable professional
assistance, and the defendant bears the burden of defeating this presumption. Valencia, 946
S.W.2d at 83; Owens v. State, 916 S.W.2d 713, 717 (Tex. App.—Waco 1996, no pet.). In
reviewing the effectiveness of counsel, a court must examine the totality of defense counsel’s
representation and view his actions from his perspective at trial. See Madden, 911 S.W.2d at 241;
see also R.X.F. v. State, 921 S.W.2d 888, 902 (Tex. App.—Waco 1996, no pet.). 
      Given that the record in this case is silent as to why trial counsel did not object to certain
testimony and argument we should not speculate about counsel’s reason for not objecting but
presume counsel’s decision was the product of “reasonable professional judgment.” See R.X.F.,
921 S.W.2d at 903; see also Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994);
Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.); cf. Mendoza
v. State, 935 S.W.2d 501, 503 (Tex. App.—Waco 1996, no pet.). Moreover, even if counsel
erred in not objecting to testimony about Pate’s use of drugs, there is not a reasonable probability
that but for this error the result of the proceeding would have been different. See Owens, 916
S.W.2d at 716 (“A reasonable probability is a probability sufficient to undermine confidence in
the outcome.”); see also Miniel v. State, 831 S.W.2d 310, 323 (Tex. Crim. App. 1992). The
evidence about Pate’s use of drugs can be summarized as follows: (1) Watson stated he and Pate
had been using drugs the night of the burglary and had gone to Gamble’s home looking for more
drugs, (2) Pate denied using drugs the night of the burglary but stated that when he was at a pay-phone Watson drove by and offered to take him home, but first Watson stopped at Carroll’s home
to sell the stereo, (3) Pate stated that he did not do drugs and always passed his drug tests, (4) Pate
denied having told anyone he beat a drug test, and (5) Officer Wilson testified on rebuttal that Pate
told him how he beat a drug test. In this case there was substantial evidence of Pate’s guilt from
the testimony of Gamble, Mrs. Nelson, and Watson, and the evidence about Pate’s drug use, as
summarized above, does not undermine confidence in the outcome of the trial or create a
reasonable probability that if evidence about Pate’s use of drugs had not been admitted the result
of the proceeding would have been different. Pate’s seventh point is overruled.
      The judgment is affirmed.
 
                                                                               BOBBY L. CUMMINGS
                                                                               Justice

Before Chief Justice Davis,
      Justice Cummings, and
      Justice Vance
Affirmed
Opinion delivered and filed April 1, 1998
Do not publish