Roel Wayne GALLOWAY, Appellant,

v.

The STATE of Texas, Appellee.

No. 59256.

Court of Criminal Appeals of Texas,
Panel No. 3.

March 14, 1979.

Donald J. Driscoll, Dallas, court appointed, for appellant.

Henry M. Wade, Dist. Atty., J. T. Langford, Reed W. Prospere and Les S. Eubanks, Jr., Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and DALLY, JJ.

## OPINION

ROBERTS, Judge.

The appellant was charged with aggravated robbery and with being a repeat offender. Before a jury, he pleaded guilty to aggravated robbery and untrue to the enhancement allegation. The jury found that the enhancement allegation was true and assessed the punishment at 35 years' confinement.

The appellant's first ground of error attacks his prior conviction. The appellant was a juvenile when he was convicted for the prior offense, and the juvenile court waived its jurisdiction and transferred the matter to the district court. See Article

2338–1, Section 6, of Texas Revised Civil Statutes (in effect on February 21, 1973, the date of the transfer). The juvenile court's file is in the record as an exhibit. The appellant makes three arguments: He says that the juvenile court's order transferring the matter was "invalid" because it does not state sufficient reasons. Second, he says that the file contains no written waiver of the ten days' time provided by the statute to prepare for the certification hearing. Third, he argues that the juvenile proceedings denied due process of law, in that appointment of counsel, appointment of guardian ad litem, a diagnostic study, an investigation, a hearing, and the transfer all were evidently accomplished on the same day. For these reasons, the appellant argues, the conviction obtained in district court cannot be used for enhancement.

█ A prior conviction that was alleged for enhancement may be collaterally attacked if it is void (as it would be if it were based on a fundamentally defective indictment)[1] or if it is tainted by a constitutional defect (as it would be if an indigent defendant had been denied counsel in a felony trial).[2] Other, lesser infirmities in a prior conviction may not be raised by a collateral attack. Such infirmities include insufficiency of evidence[3] and irregularities in the judgment or sentence.[4] It does not matter that such infirmities might have resulted in a reversal had they been presented by an appeal.

█ These principles have been applied in juvenile cases to permit a collateral attack on the jurisdiction of the juvenile court to enter a transfer order. *Johnson v. State,* 551 S.W.2d 379 (Tex.Cr.App.1977) (failure to serve the child with summons is a jurisdictional defect). But a mere question of the sufficiency of a transfer order is not properly addressed to us. *Dillard v. State,* 477 S.W.2d 547, 550 (Tex.Cr.App.1971).

Therefore, the questions before us are whether the transfer procedure was erroneous, and (if it was) whether such errors may be the basis of a collateral attack.

The only reasons recited in the transfer order were that the appellant was 15 years old at the time of the alleged offense and 16 years old at the time of transfer, that the acts alleged in the petition would constitute felonies (robbery with firearms and theft over $50) if committed by an adult, and that the court after diagnostic study, social evaluation, and full investigation is of the opinion that it is contrary to the best interest of the child and of the public to retain jurisdiction. A substantially identical order was held to be insufficient in *In re J. R. C.,* 522 S.W.2d 579 (Tex.Civ.App.—Texarkana 1975, writ ref'd. n. r. e.). But we note that this holding emphasized the greater requirements for specific reasons imposed by Section 54.02(h) of the Texas Family Code. See the draftsman's comments in Dawson, "Delinquent Children and Children in Need of Supervision," 5 Texas Tech Law Review 509, 564–565 (1974). This requirement was not in effect at the time of this transfer. We cannot say that the order was defective under the requirements of Article 2338–1, Section 6, of the Texas Revised Civil Statutes, then in effect. The appellant argues that the order did not afford due process, citing *Kent v. United States,* 383 U.S. 541, 86 S.Ct. 1045 (1966). We think that *Kent* does not support this conclusion. For one thing, *Kent* did not purport to do more than construe the District of Columbia juvenile statutes, and it is not clear that it sets constitutional requirements. For another, the juvenile court did not give Kent a hearing or recite any reason for transfer. At least some reasons were given for the appellant's transfer.

The absence of a written waiver of ten days' time to prepare for the transfer hearing is not error, for no such written waiver was required. Compare Section 6(e) with

1. E. g., *Ex parte Sanford,* 562 S.W.2d 229 (Tex. Cr.App.1977).

2. E. g., *Ex parte Hall,* 546 S.W.2d 303 (Tex.Cr. App.1977).

3. E. g., *Owens v. State,* 540 S.W.2d 324 (Tex. Cr.App.1976).

4. E. g., *Bowles v. State,* 550 S.W.2d 84 (Tex.Cr. App.1977).

Section 7–B(c), of Article 2338–1, Texas Revised Civil Statutes.

The record does not show any denial of due process from the fact that several orders were entered on the same day. The record shows that the motion to certify the appellant was filed more than a month before the orders were entered. With that much preparation time, we cannot say as a matter of law that it was impossible to execute the various orders in one day.

■ Even if any of the claimed errors would have been sustained on appeal, it is not available for a collateral attack. "An appeal in juvenile cases lies with the Court of Civil Appeals, not with this Court." *Dillard v. State,* 477 S.W.2d 547, 550 (Tex.Cr. App.1971). The appellant evidently did not appeal the transfer order. We have even reviewed a transfer order at the next stage, an appeal from an adult conviction, although we doubted the propriety of the review. *Tatum v. State,* 534 S.W.2d 678, 680 (Tex.Cr.App.1976). The appellant wants us to go even further, to permit his collateral attack on an enhancement count. Our discussion above indicates that the claimed errors would not render the prior conviction either void or constitutionally infirm, and they may not form the basis of a collateral attack. The first ground of error is overruled.

■ In his only other ground of error, the appellant complains of evidence of an extraneous offense: possession of a switchblade knife. A police officer testified that when he patted-down the appellant after a traffic stop he found a switchblade knife. The trial court overruled the appellant's objection to the answer. Later the knife was introduced into evidence over the appellant's objection. The knife had not been used in the robbery. We do not think the ground was preserved properly, for the next witness testified without objection that the officer "advised me that he had recovered a switchblade knife off of the suspect . . ." Even if the ground were preserved, and

even if it were error,[5] the error was harmless. The appellant had pleaded guilty, the jury heard evidence that he had executed a deliberate plan to rob a bank using a pistol, and the jury heard evidence that the appellant was still on parole of a ten-year sentence for robbery with a firearm. We do not think that evidence that the appellant had a switchblade knife in his pocket would have such influence on the jury's assessment of punishment as to require reversal. See *Cunningham v. State,* 500 S.W.2d 820 (Tex.Cr.App.1973). The ground is overruled.

The judgment is affirmed.

---

5. The cases are in conflict. For example, compare *Nichols v. State,* 511 S.W.2d 269 (Tex.Cr. App.1974) with *Schuenemann v. State,* 501 S.W.2d 319 (Tex.Cr.App.1973).