Reversed and remanded.

**Dan Stephen JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00306 CR.**

Court of Appeals of Texas,
Dallas.

Jan. 11, 1982.

W. John Allison, Jr., Dallas, for appellant.

Ronald Hinds, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, SPARLING and FISH, JJ.

SPARLING, Justice.

Appellant was convicted of aggravated robbery and punishment was assessed by the jury at thirty-eight years confinement in the Texas Department of Corrections. In three grounds of error, appellant complains that the trial judge improperly denied his motion to suppress evidence of the pistol seized by the police and that the court improperly admitted evidence of appellant's prior convictions for impeachment purposes. Finding no reversible error, we affirm.

On the night of September 18, 1979, Mary Armendariz was an employee of a 7–11 store. About 2:00 a. m. she was alone in the store with the appellant and two other men. After the two other men left the store, appellant approached the counter, pointed a pistol at Mrs. Armendariz and demanded that she give him all the money in the cash register. As she began putting the money in a paper bag, a police car entered the parking lot. Appellant turned away from the window, put the gun in the front of his pants and told Mrs. Armendariz, "I was just kidding." He then left the store. Mrs. Armendariz attracted the attention of the police officer, who stopped the appellant, searched his outer clothing, and found a pistol.

In his first ground of error, appellant contends that the court improperly denied his motion to suppress evidence of the gun seized at the time of his arrest because the police officer lacked the requisite probable cause to conduct the search. An officer cannot stop a citizen and frisk him on the basis of an inarticulate hunch or suspicion. *Sibron v. New York,* 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). Here, however, we hold that the officer's stopping and frisking the appellant was an action which a "reasonable man of caution" would have taken. *See Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). An officer's stopping and frisking a citizen is warranted where "he has reason to believe that he is dealing with an armed and dangerous individual" and a "reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Terry v. Ohio, supra* 392 U.S. at 27, 88 S.Ct. at 1883. The police officer testified that he knew the 7–11 store was located in a high crime area because he had investigated two holdups, both occurring after midnight, in that very store in the four months he had worked in the area. When he drove into the parking lot he saw appellant turn his back to the window and make a movement as though he was sticking something in the front of his pants. Appellant walked out of the store toward a nearby apartment complex and Mrs. Armendariz "frantically" pointed to the appellant. The officer knew Mrs. Armendariz personally and testified that she appeared "nervous and scared." Given the surrounding circumstances, the officer's past experience, that the officer reasonably suspected the appellant was armed and the officer was fearful for his safety, the search was proper and therefore, evidence seized during the search was properly admitted. *See Terry v. Ohio, supra; Amorella v. State,* 554 S.W.2d 700 (Tex.Cr.App.1977); *Thompson v. State,* 533 S.W.2d 825 (Tex.Cr.App.1976).

Appellant urges in his second ground of error that evidence of four prior convictions was improperly admitted against him for impeachment purposes. He

contends that these convictions were void because the trial judge, on each conviction, failed to admonish him of the range of punishment. The requirement of admonishment as to range of punishment is mandatory and failure to admonish constitutes reversible error. *Whitten v. State*, 587 S.W.2d 156 (Tex.Cr.App.1979). *See* Tex. Code Crim.Pro.Ann. Art. 26.13 (Vernon 1977). The docket sheets in all the prior convictions reflect "Defendant warned," and the judgments state, "... defendant was admonished by the Court of the consequences of the said plea and the defendant persisted in entering said plea...." Only appellant's testimony was to the contrary. Appellant presents no record of the proceedings in those prior convictions establishing affirmatively that appellant was, or was not, fully admonished. The presumption of regularity created by the recitals in the docket sheets and judgments indicating appellant had been admonished, in the absence of a stenographic report of proceedings to the contrary, will support a finding that the admonishments were given, notwithstanding appellant's testimony. *Brown v. State*, 505 S.W.2d 277, 279 (Tex.Cr.App. 1974); *See also Creeks v. State*, 537 S.W.2d 29, 30 (Tex.Cr.App.1976). Ground of error two is overruled.

In his third ground of error, appellant contends there was a fatal variance between the allegations and the proof in the prior convictions introduced against him. The sufficiency of the evidence may not be attacked collaterally. *Galloway v. State*, 578 S.W.2d 142 (Tex.Cr.App.1979); *Traylor v. State*, 561 S.W.2d 492 (Tex.Cr. App.1978). Ground of error three is overruled.

Appellant has filed a pro se brief which presents nothing for review. Counsel has filed an adequate appellate brief and an examination of appellant's pro se brief reveals no error which should be considered in the interest of justice. Appellant is not entitled to hybrid representation. *Rudd v. State*, 616 S.W.2d 623 (Tex.Cr.App.1981).

Affirmed.