Clyde Bernard **HADNOT**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–92–00720–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 18, 1993.

James H. Sims, Houston, for appellant.

John B. Holmes, Dist. Atty., J. Harvey Hudson, Asst. Dist. Atty., Joe King, Houston, for appellee.

Before DUNN, SAM BASS and WILSON, JJ.

## OPINION

DUNN, Justice.

Appellant was charged by indictment with the offense of robbery. The indictment contained two enhancement paragraphs which alleged that appellant had previously been convicted of theft and retaliation. Appellant pled guilty to robbery and true to the enhancement allegations. He was sentenced under an agreed plea bargain to confinement for 25 years. We affirm.

■ In appellant's first two points of error, he contends that his previous conviction for retaliation should not be regarded as a felony conviction for the purpose of enhancement in this case because he was assessed only "misdemeanor punishment" for that offense. See TEX.PENAL CODE ANN. § 12.44(a) (Vernon Supp.1993). For the reasons discussed below, we disagree.

Appellant's punishment was enhanced under section 12.42(d) of the Texas Penal Code, which states as follows:

If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by confinement in the Texas Department of Corrections for life, or for any term of not more than 99 years or less than 25 years.

*Id.* at § 12.42(d) (Vernon Supp.1993). A "felony" is "an offense so designated by law or punishable by death or confinement in a penitentiary." *Id.* at § 1.07(a)(14) (Vernon 1974).

The record demonstrates that appellant's second previous felony conviction was for an offense, retaliation, that occurred after his first previous conviction, for theft, became final. Retaliation is "a felony of the third degree." *Id.* at § 36.06(c) (Vernon 1989).

Considering the above, we hold that appellant's felony conviction for retaliation was a "felony conviction" for the purpose of enhancement.

We reject appellant's argument that, because the punishment assessed for appellant's retaliation conviction was not "felony punishment," we should not consider his retaliation conviction as a felony conviction for the purpose of enhancement. The case appellant cites in support of his argument, *Almand v. State*, 536 S.W.2d 377 (Tex. Crim.App.1976), involved a previous conviction for a crime in another jurisdiction, Louisiana, and the issue was whether the crime was a felony or a misdemeanor. That is not the case here; there is no doubt that retaliation is a felony. It is defined as such. TEX.PENAL CODE ANN. § 36.06(c) (Vernon 1989).

We find no authority to support appellant's argument that, for the purpose of enhancement, a previous felony conviction is not really a felony conviction because the punishment assessed for it was "misdemeanor punishment." We also note that the trial court in the retaliation case did not reduce the offense to a misdemeanor.

We overrule points of error one and two.

■ In points of error three and four, appellant contends that the use of his retaliation conviction for the purpose of enhancement violated his rights to due process under the Fifth and Fourteenth Amendments to the United States Constitution and his right to due course of law under the Texas Constitution because, when he pled guilty to retaliation, he understood that he was pleading guilty to a misdemeanor, not a felony. This amounts to a collateral attack on the voluntariness of appellant's plea in the retaliation case.

In *Galloway v. State*, 578 S.W.2d 142, 143 (Tex.Crim.App. [Panel Op.] 1979), the Court of Criminal Appeals set out the following rules:

A prior conviction that was alleged for enhancement may be collaterally attacked if it is void (as it would be if it were based on a fundamentally defective indictment) or if it is tainted by a constitutional defect (as it would be if an indigent defendant had been denied counsel in a felony trial). Other, lesser infirmities in a prior conviction may not be raised by a collateral attack. Such infirmities include insufficiency of evidence and irregularities in the judgment or sentence. It does not matter that such infirmities might have resulted in a reversal had they been presented by an appeal.

We also note that "the burden of proof [is] on the party attacking the conviction to show its invalidity in the record and preserve the error for appeal." *Sparks v. State*, 809 S.W.2d 773, 774 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd).

Appellant has failed to sustain that burden here. In fact, the record demonstrates that (1) appellant, when he signed the written plea agreement in the retaliation case, knew he was being sentenced for a felony offense, and (2) appellant, when he signed the plea agreement in that case, recognized that retaliation was indeed a felony and was advised so by the judge.

Appellant's collateral attack on the voluntariness of his plea in the retaliation case, even if it may be properly brought, fails.

We overrule points of error three and four.

We affirm the judgment of the trial court.