**Raymond Dale RAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–94–328 CR.**

Court of Appeals of Texas, Beaumont.

Oct. 18, 1995.

Rehearing Overruled Nov. 9, 1995.

---

Michael C. Abbott, Orange, for appellant.

John Kimbrough, County Attorney, Doneane Beckcom, Asst. County Attorney, Orange, for State.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

STOVER, Justice.

This is an appeal from a conviction for the felony offense of Murder. Appellant pleaded guilty with the benefit of a negotiated punishment recommendation and was sentenced according to said recommendation by the trial court to a period of forty-five (45) years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant was given permission by the trial court to appeal in accordance with TEX. R.APP.P. 40(b)(1). Appellant's complaint on appeal centers around the two enhancement paragraphs included in the indictment charging him with Murder. Appellant's points of error are addressed to us as follows:

Point of Error One: The trial court erred in denying appellant's pre-trial motion to suppress the enhancement paragraph of the indictment alleging a prior conviction for felony Driving While Intoxicated in cause no. 2965 in the 71st District Court of Harrison County, Texas on August 1, 1983.

Point of Error Two: The trial court erred in finding "true" the allegation in the enhancement paragraph of the indictment alleging a prior conviction for felony Driving While Intoxicated in cause no. 2965 in the 71st District Court of Harrison County, Texas on August 1, 1983.

Point of Error Three: The trial court erred in denying appellant's pre-trial motion to suppress the enhancement paragraph of the indictment alleging a prior conviction for felony Driving While Intoxi-

cated in cause no. 3513 in the 71st District Court of Harrison County, Texas on October 30, 1986.

Point of Error Four: The trial court erred in finding "true" the allegation in the enhancement paragraph of the indictment alleging a prior conviction for felony Driving While Intoxicated in cause no. 3513 in the 71st District Court of Harrison County, Texas on October 30, 1986.

In his brief, appellant argues that because an underlying judgment in a prior 1981 misdemeanor conviction for Driving While Intoxicated was invalid, said 1981 invalid conviction used to raise the 1983 Driving While Intoxicated [cause no. 2965] to felony status caused the 1983 felony conviction to also become invalid. Appellant further urges that the subsequent use of the invalid 1983 conviction in cause no. 3513 also tainted that conviction. Appellant states that the reason for the invalidity of the 1981 misdemeanor DWI was due to the fact that the range of punishment was not explained to him, therefore his plea of guilty was not voluntary. With regard to the 1983 conviction, in addition to the problem with the underlying misdemeanor conviction, appellant claims that the 1983 judgment did not meet the requirements of TEX.CODE CRIM. PROC.ANN. art. 42.01, § 1 (Vernon Supp. 1983).

In *Galloway v. State*, 578 S.W.2d 142, 143 (Tex.Crim.App.1979), the Court of Criminal Appeals discussed the issue before us as follows:

A prior conviction that was alleged for enhancement may be collaterally attacked if it is void (as it would be if it were based on a fundamentally defective indictment) (footnote omitted) or if it is tainted by a constitutional defect (as it would be if an indigent defendant had been denied counsel in a felony trial). (footnote omitted) Other, lesser infirmities in a prior conviction may not be raised by a collateral attack. Such infirmities include insufficiency of evidence (footnote omitted) and irregularities in the judgment or sentence. (footnote omitted) It does not matter that such infirmities might have resulted in a

reversal had they been presented by an appeal.

■ We further note that " 'the burden of proof [is] on the party attacking the conviction to show its invalidity in the record and preserve the error for appeal.' " *Hadnot v. State*, 851 S.W.2d 378, 380 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd) (quoting *Sparks v. State*, 809 S.W.2d 773, 774 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd)). It has been further held that unsupported assertions by an accused concerning his prior convictions are insufficient to invalidate said convictions in a subsequent collateral attack. *Disheroon v. State*, 687 S.W.2d 332, 334 (Tex. Crim.App.1985). In the instant case, appellant testified at the hearing on his motion to suppress the enhancement paragraphs as follows:

> Q. [Trial Counsel] Were you—at the time you entered your plea on this misdemeanor DWI, were you ever advised as to the range of punishment?
>
> A. [appellant] No, sir.
>
> Q. Did you have any knowledge—any personal knowledge of the range of punishment in that case?
>
> A. No, sir. Not really.
>
> Q. Did you have any occasion to discuss it with perhaps a "jailhouse lawyer" or anyone else?
>
> A. No, sir.
>
> Q. How did you come about entering a plea that you didn't—
>
> A. Well, they told me at first that I was looking at a lot of time or something like that, more or less. I was scared. That's why I copped after that.
>
> Q. Did you enter into this plea bargain based on the advice of your attorney?
>
> A. Yes, sir.

Among the exhibits admitted into evidence at the hearing on appellant's motion to suppress the enhancement paragraphs is a docket sheet with an undated entry indicating that appellant waived a jury trial and pleaded guilty to the offense of "DWI." Said undated entry indicates that appellant was sentenced to a fine of "$250.00." With regard to any incarceration, the handwritten notation indicates "3 days w/credit for time served." The last dated entry on the docket sheet is also handwritten and states the following:

> 11–4–81 Sentencing reset for 9:00 am 12/2/81—[defendant] must pay fine by trial date (D S)

In his brief, appellant claims that this docket sheet was in fact the judgment in his misdemeanor conviction. Appellant does not provide any witnesses from the Harrison County Clerk's Office to testify that docket sheet entries substituted for an actual document containing the judgment and the sentence, nor does appellant attempt to explain the lack of a judgment in the misdemeanor case. On the face of it, the docket sheet seems to indicate that sentence had not yet been pronounced as the case was apparently reset to December 2, 1981, seemingly to give appellant time to pay the fine.

At any rate, we feel that appellant has failed to sustain his burden with regard to the only alleged constitutionally infirm judgment, that involving the 1981 DWI case and the voluntariness of his plea in said case. The trial court did not err in denying appellant's suppression motion nor did it err in finding both enhancement allegations true. Points of error one through four are overruled. The judgment and the sentence of the trial court are affirmed.

AFFIRMED.