# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00417-CR

**Randall Ollila, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT
### NO. 99-826-K26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING

A grand jury indicted appellant Randall Ollila for driving while intoxicated (DWI), elevated to a third-degree felony by two earlier DWI convictions. *See* Tex. Penal Code Ann. §§ 49.04, 49.09(b) (West Supp. 2001). In addition, the indictment alleged two other prior convictions for DWI and one prior conviction for aggravated assault. *See id*. § 12.42 (West Supp. 2001). Appellant pleaded not guilty to the indictment and not true to the enhancement paragraphs. A jury convicted him of felony DWI and sentenced him to thirty-five years' imprisonment. In one issue on appeal, appellant argues the district court erred in overruling his motion to quash the indictment because the indictment relied on a void prior conviction for its felony enhancement. We will affirm.

The record indicates appellant has been convicted of DWI at least eight times before the instant offense.[1] In 1996, he was indicted for DWI in Williamson County, Texas. That indictment alleged for enhancement purposes that appellant had earlier been convicted of DWI in Oregon and in South Dakota. Appellant pleaded guilty and was convicted of third-degree felony DWI. Appellant did not appeal that 1996 conviction.

In the present cause, appellant was originally indicted under cause number 99-467-K26, which alleged appellant had been convicted in South Dakota of three prior offenses "relating to the operating of a motor vehicle while intoxicated." Appellant moved to set aside this indictment on the grounds that the South Dakota statute under which he had been convicted allowed a conviction if appellant merely had "control" of a vehicle while intoxicated, whereas Texas law requires evidence that appellant was "operating" a vehicle while in that condition. *Compare* Tex. Penal Code Ann. § 49.04(a) ("A person commits an offense if the person is intoxicated while operating a motor vehicle in a public place."), *with* S.D. Codified Laws § 32-23-1 ("A person may not drive or be in actual physical control of any vehicle" while intoxicated). Appellant argued that the South Dakota law was broader than the Texas law because it did not necessarily require proof that he operated a vehicle while intoxicated. He argued, therefore, that his South Dakota convictions could not be used for enhancing the charged offense to a felony. The district court granted appellant's motion and dismissed the charges.

---

[1] It appears appellant was convicted of DWI or driving under the influence at least six times in South Dakota, once in Oregon, and once in Texas.

A grand jury re-indicted appellant under cause number 99-826-K26, using for enhancement purposes appellant's 1996 Williamson County conviction and his conviction in Oregon. Appellant again moved to quash the indictment, arguing that the Williamson County conviction was void because it was improperly enhanced by a South Dakota conviction under a broader statute than the Texas statute. The district court denied appellant's motion.

At trial, the State proved the Williamson County conviction by introducing the reporter's record from appellant's guilty plea and the penitentiary packet, including the judgment of conviction on his guilty plea and the indictment. The State also introduced Oregon records showing appellant was convicted there of driving under the influence in 1986.

In one issue on appeal, appellant argues the district court abused its discretion in overruling his motion to set aside the indictment. We disagree.

Driving while intoxicated is ordinarily a Class B misdemeanor. Tex. Penal Code Ann. § 49.04(b). However, if on the trial of an offense under Section 49.04 it is shown "that the person has previously been convicted two times of an offense relating to the operating of a motor vehicle while intoxicated, . . . the offense is a felony of the third degree." *Id.* § 49.09(b). An "offense relating to the operating of a motor vehicle while intoxicated" includes an offense under section 49.04 or an offense "under the laws of another state that prohibit the operation of a motor vehicle while intoxicated." *Id.* § 49.09(c)(1). A prior conviction may be used for enhancement under either section 49.09 or under chapter 12 of the Penal Code, but not both. *Id.* § 49.09(f).

Once the State establishes prima facie proof of an earlier conviction by introducing copies of the earlier judgment and sentence and connecting them to the defendant, the burden then

shifts to the defendant to show a defect in the judgment. *Robinson v. State*, 739 S.W.2d 795, 799 (Tex. Crim. App. 1987); *Johnson v. State*, 725 S.W.2d 245, 247 (Tex. Crim. App. 1987). We indulge every presumption in favor of the regularity of documents establishing a prior conviction. *Robinson*, 739 S.W.2d at 799; *Rogers v. State*, 792 S.W.2d 841, 843 (Tex. App.—Houston [1st Dist.] 1990, no pet.).

A prior conviction used for enhancement purposes may be collaterally attacked only if it is void or tainted by a constitutional defect. *Galloway v. State*, 578 S.W.2d 142, 143 (Tex. Crim. App. 1979). Lesser infirmities, such as insufficient evidence or irregularities in the judgment or sentence, may not be raised by a collateral attack, even if such infirmities might have resulted in a reversal had they been raised on direct appeal. *Id.* An indictment containing a flaw of substance but purporting to charge an offense is not fundamentally defective and will support a conviction. *Ex parte Patterson*, 969 S.W.2d 16, 19 (Tex. Crim. App. 1998). Only when a charging instrument fails to satisfy that requirement is it void. *Id.* A plea of true to enhancement allegations removes the State's burden to prove that the prior conviction was final. *Skillern v. State*, 890 S.W.2d 849, 882 (Tex. App.—Austin 1994, pet. ref'd). A defendant who pleads true to enhancement allegations may not complain on appeal that the evidence is insufficient. *Id.*

Assuming without deciding that appellant is correct in his assertion that the South Dakota convictions were improper for enhancement purposes in Texas, that infirmity does not render his 1996 Williamson County conviction void. Appellant pleaded true to the enhancement allegations in the 1996 prosecution, and he may not now collaterally attack the evidence supporting that conviction. *Skillern*, 890 S.W.2d at 882. The Williamson County conviction is not facially void or

4

tainted by constitutional defect. *Galloway*, 578 S.W.2d at 143. The State showed appellant had been convicted twice for offenses related to operating a motor vehicle while intoxicated, once under section 49.04 of the Texas Penal Code and once under Oregon law. *See* Tex. Penal Code Ann. § 49.09. We overrule appellant's sole issue on appeal and affirm the judgment of conviction.

_____

-

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed:   August 30, 2001

Do Not Publish

5