COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




GUADALUPE ARAGON,


 Appellant,


v.



THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-05-00350-CR



Appeal from the


346th Judicial District Court


of El Paso County, Texas 


(TC# 20050D02304) 



O P I N I O N

 Guadalupe Aragon appeals his conviction for felony driving while intoxicated. In his sole
issue, Appellant contends that the trial court erred in denying his motion to quash the
enhancement portions of the indictment because his two prior DWI convictions are
constitutionally void. We affirm.

 On May 26, 2005, Appellant was charged by indictment with felony driving while
intoxicated (DWI). See Tex.Pen.Code Ann. § 49.04 (Vernon 2003); Tex.Pen.Code Ann.
§ 49.09(b)(Vernon Supp. 2007). The indictment alleged two prior DWI convictions, both
occurring in 1987, which enhanced the primary offense from a misdemeanor to a third degree
felony. (1) See Tex.Pen.Code Ann. § 49.09(b)(2).

 Defense counsel filed a motion to quash the enhancement portion of the indictment as to
the two 1987 convictions. (2) At the hearing on the motion, he argued that the records from the
1987 cases failed to adequately reflect that Appellant was represented by counsel, that he had
waived his right to counsel, or that he had waived his right to a trial by jury. Defense counsel
argued that these defects made the prior judgments constitutionally void.

 Scott Segall, a former El Paso County Jail Magistrate who heard Appellant's 1987 guilty
pleas, testified at the hearing. Mr. Segall testified that in 1987, Appellant would not have been
given any written notice of his constitutional rights and would not have signed a written waiver
of such rights. Mr. Segall stated that he would have informed Appellant of his rights orally,
although he had no particular memory of the Appellant.

 The two prior judgments contain a form recitation that reads, "the Defendant appeared in
person and by attorney," and "the Defendant in open court waived a jury in this cause." The
sentence in each case contains a similar recitation that reads, "the Defendant Guadalupe Aragon
appeared in person and by attorney . . . ." The docket sheets contain a stamped block of text that
allows one to select whether a defendant waived his right to an attorney or whether a defendant
was represented by a particular attorney, but this selection is left blank on both docket sheets. 
The stamped text further reads, "Def. ready, admonished, Jury waived." Appellant testified that
he did not remember having an attorney when he pled guilty to the two DWI offenses in 1987.

Standard of Review

 The general rule is that the trial court's ruling on a motion to quash is reviewed under an
abuse of discretion standard. State v. Rivera, 42 S.W.3d 323, 328 (Tex.App.--El Paso 2001, pet.
ref'd); Williamson v. State, 46 S.W.3d 463, 465 (Tex.App.--Dallas 2001, no pet.). A trial court
abuses its discretion if it acts without reference to any guiding rules and principles, or acts in an
arbitrary or unreasonable manner. Montgomery v. State, 810 S.W.2d 372, 380 (Tex.Crim.App.
1990). A prior conviction used for enhancement purposes may be collaterally attacked only if it
is void (as it would be if it were based on a fundamentally defective indictment), or if it is tainted
by a constitutional defect (as it would be if an indigent defendant was denied counsel in a felony
trial). Galloway v. State, 578 S.W.2d 142, 143 (Tex.Crim.App. 1979); Egger v. State, 62 S.W.3d
221, 224 (Tex.App.--San Antonio 2001, no pet.). Lesser infirmities, such as insufficient
evidence or irregularities in the judgment or sentence, may not be raised by a collateral attack,
even if such infirmities might have resulted in a reversal had they been raised on direct appeal. 
Galloway, 578 S.W.2d at 143. When prior convictions are collaterally attacked, the judgments
reflecting those convictions are presumed to be regular, and the accused bears the burden of
defeating that presumption. Williams v. State, 946 S.W.2d 886, 900 (Tex.App.--Waco 1997, no
pet.).

 As a matter of Federal constitutional law, the State must establish through the trial record
an express, intelligent waiver of a jury by the defendant. Samudio v. State, 648 S.W.2d 312, 314
(Tex.Crim.App. 1983). This fundamental requirement applies to misdemeanors where
imprisonment for more than six months is authorized. Samudio, 648 S.W.2d at 313. We will not
presume waiver of a jury from a silent record on direct appeal. Samudio, 648 S.W.2d at 314. 
This rule, however, has not been extended to collateral attacks. See West v. State, 720 S.W.2d
511, 518-19 (Tex.Crim.App. 1986). A party that collaterally attacks the validity of a prior
judgment has the burden to bring forward the entire record to show that it is silent regarding jury
waiver. West, 720 S.W.2d at 519.

 In his sole issue, Appellant contends that the trial court erred by denying his motion to
quash the enhancement portions of the indictment because both judgments used to enhance
Appellant's DWI to a felony were void. Appellant argues that his 1987 convictions are
constitutionally defective and cannot be used to enhance his current DWI to a felony because it
cannot be determined whether he was represented by counsel during his pleas, and there is no
proof that he waived his right to counsel or his right to a jury trial.

Right to a Trial by Jury

 Appellant asserts that it cannot be determined from the judgments whether he waived his
right to a jury trial in those cases. He points to Samudio for the proposition that the waiver of the
right to a trial by jury can never be presumed from a silent record. Id. at 313. In Samudio, the
defendant had been convicted of assault with intent to cause bodily injury, but the trial record
contained no evidence that he had expressly waived his right to a jury trial. Id. The only
reference to the defendant's right to a jury trial was a form recitation in the judgment that read,
"'No jury having been demanded . . .'" Id. The Court of Criminal Appeals held that the State
had failed to meet its constitutional burden and affirmed the reversal of the defendant's
conviction. Id. at 315.

 Appellant's argument ignores the fact that the record in Samudio was actually silent as to
whether the defendant had affirmatively "waived" his right to a jury trial, unlike the case at hand. 
In Breazeale v. State, the Court of Criminal Appeals distinguished between the absence in the
record of a demand for a jury trial as in Samudio and an affirmative waiver of the right to a jury
trial. Breazeale v. State, 683 S.W.2d 446, 450 (Tex.Crim.App. 1984). In Breazeale, the
defendants were convicted of possession of a controlled substance, but the only record that they
had waived their right to trial by jury was a form recitation in the judgment, which stated that
each defendant "'in person and in writing, in open court, having waived his right of trial by
jury . . . .'" Id. at 449. The Court of Criminal Appeals held that "[t]he presumption of regularity
created by recitals in the judgment can be overcome only when the record otherwise affirmatively
reflects that error occurred." Id. at 450. Having found no affirmative showing that the
defendants did not waive their right to a trial by jury, the Court affirmed their convictions. Id. at
449-50. The Court distinguished its holding from that in Samudio, noting that there is an
important distinction "between the absence in the record of a demand for a jury trial and an
affirmative waiver thereof . . . ." Breazeale, 683 S.W.2d at 450. [Emphasis in original].

 In Johnson v. State, 72 S.W.3d 346, 347 (Tex.Crim.App. 2002), the only record that the
defendant had waived his right to a jury trial was a recitation in the judgment stating that the
defendant had "'waived trial by jury.'" The Court of Criminal Appeals analyzed that phrase
carefully:

 If Johnson 'waived' a jury trial, then he must have known about his right to a jury
trial, otherwise he could not have waived it. The very use of the term 'waive'
presumes knowledge, because 'to waive a right one must do it knowingly-with
knowledge of the relevant facts.' In addition, 'waiver' is defined as 'the act of
waiving or intentionally relinquishing or abandoning a known right, claim, or
privilege.'


Johnson, 72 S.W.3d at 349, citing Breazeale, 683 S.W.2d at 450; Black's Law Dictionary, pg.
1276 (7th Ed. Abridged 2000). Because the defendant did not allege that he did not know about
his right to a jury trial, and having found no evidence that the judgment's recitation was false, the
Court affirmed his conviction. Johnson, 72 S.W.3d at 349.

 In this instance, we find no affirmative evidence that Appellant did not waive his right to
a jury trial when he pled guilty in 1987. To the contrary, the two judgments and the two docket
sheets, all signed by the magistrate judge, state that Appellant "waived" his right to a trial by
jury. Nor does Appellant allege that the recitations in the judgments and docket sheets are false. 
Therefore, we find no error in regards to Appellant's waiver of a jury that would subject his 1987
convictions to collateral attack.

Right to Counsel

 Appellant also asserts that it cannot be determined from the judgments whether he was
represented by counsel or waived his right to counsel when he pled guilty in 1987. Once again,
Appellant describes the record inaccurately. Both judgments and sentences indicate that
Appellant "appeared in person and by attorney." The unmarked stamp on the docket sheets,
however, does create some ambiguity as to whether this was truly the case.

 At the hearing on Appellant's motion to quash, defense counsel argued that our holding
in State v. Nieto, No. 08-02-00326-CR, 2003 WL 21198360 (Tex.App.--El Paso May 22, 2003,
no pet.)(mem. op., not designated for publication), was inapplicable because Nieto turned entirely
on whether a violation of Article 1.13(c) of the Texas Code of Criminal Procedure could be a
basis for collaterally attacking a judgment. In Nieto, we stated that "[a] reviewing court, absent
evidence to the contrary, is required to indulge every presumption in favor of the regularity of the
documents in the lower court." Nieto, 2003 WL 21198360 at *5, citing Light v. State, 15 S.W.3d
104, 107 (Tex.Crim.App. 2000). "The defendant has the burden to provide evidence sufficient to
overcome the presumption of the formal judgment's regularity." Id. at *5, citing Breazeale, 683
S.W.2d at 451.

 The judgments for both DWI convictions clearly state that the defendant appeared in
person and by attorney. While the space for counsel identification was left blank along with the
space for waiver of counsel, this does not overcome the presumption of regularity when the
judgments state that he was represented by counsel. See Chancy v. State, 614 S.W.2d 446, 447
n.2 (Tex.Crim.App. 1981), citing Ex parte Swinney, 499 S.W.2d 101, 103 (Tex.Crim.App. 1973)
(holding a judgment and sentence silent as to named counsel alone is insufficient to support an
allegation that defendant was without counsel at the proper times). Here again, Appellant does
not allege that the recitations in the record are false, but merely that he could not remember
having an attorney in 1987 when he pled guilty to the two DWI cases. This testimony does not
overcome the presumption of regularity either. Robinson v. State, 739 S.W.2d 795, 799
(Tex.Crim.App. 1987)(holding that appellant's testimony that he did not "recall or "recollect"
having executed written waivers, or that he did not "remember anything" about the court
proceedings does not discharge the appellant's burden).

 We conclude that an unmarked stamp and Appellant's imperfect memory eighteen years
after the fact are not enough to overcome the presumption of regularity in these two judgments. 
Appellant failed to make any affirmative showing to disprove the recitations in his previous DWI
convictions. The trial court did not abuse its discretion by denying Appellant's motion to quash
the enhancement portion of the indictment. Issue One is overruled. 

 Having overruled Appellant's sole issue, we affirm the trial court's judgment.




February 21, 2008

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)
1. State v. Aragon, No. 87-85993 (County Court at Law No. 3, El Paso County, Texas
Nov. 19, 1987); State v. Aragon, No. 870C14139 (County Court at Law No. 3, El Paso County,
Texas Nov. 19, 1987). The original indictment charged that the latter conviction occurred in
1997, but it was later amended to reflect the correct year: 1987.
2. This motion was characterized as a "Motion to Dismiss Enhancement Paragraphs."