In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00366-CR
_____

**DEREK STEWART ROBINSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause No. 17-27903**

**MEMORANDUM OPINION**

Derek Stewart Robinson was convicted of Assault on a Family Member, enhanced by a previous conviction of Assault Family Violence. *See* Tex. Penal Code Ann. § 22.01(a)(1)(b). The jury sentenced him to incarceration for seven years in the Texas Department of Criminal Justice. Robinson argues the evidence is legally insufficient because there is a "fatal variance…between the *allegata* and the *probata"* of an underlying judgment used for enhancement, and the trial court erred

1

when it refused his request for a jury instruction regarding a lesser included offense. For the reasons explained below, we affirm.

## Background

T.C. testified that she and Robinson met in 2014, started a dating relationship, and have a child together, A.R.[1] According to T.C., on August 13, 2017, Robinson arrived at T.C.'s house asking to see A.R. T.C. stated that she went outside and told Robinson that A.R. was at church with T.C.'s mother. Robinson then showed T.C. a hammer and said he "was going to use it." T.C. went back into her house because she believed that Robinson would use the hammer and Robinson left. Later that day, T.C. went shopping out of town because Robinson usually followed her around Beaumont. T.C. stated that after shopping, she returned to her sister's house and, while her sister and a friend unloaded groceries from the car, she went inside the house to fix A.R. a bottle. T.C. stated that suddenly her friend, A.M., locked her sister's front door with T.C. and A.R. inside the house. Through open window blinds, T.C. observed A.M. running, and T.C. walked outside while holding A.R. in her arms. When she walked outside, T.C. saw Robinson breaking her car windows.

---

[1] We refer to the victim and her family members by their initials to conceal their identity. *See* Tex. Const. art. I, § 30(a)(1) (granting crime victims "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process[.]").

After breaking the car windows, Robinson approached T.C. and A.R., and T.C. began to run. According to T.C., she ran through her sister's yard, towards Robinson's car parked on the side of the street. Robinson then jumped over the front of his car and slid down the trunk of his car to reach T.C. Robinson then hit her twice on the left side of her head with his closed fist. T.C. identified photographs admitted at trial showing a knot on the side of her head caused by Robinson's attack. According to T.C., Robinson also struck A.R. when he punched T.C. with his fist. T.C. stated that Robinson had threatened and had physically assaulted her at other times, but she dropped those charges after Robinson threatened to have her killed.

K.C. testified that she is T.C.'s younger sister. She stated that on August 13, 2017, she went shopping with T.C. out of town because Robinson was "stalking [T.C.]" After shopping, she and her sister, along with two friends, returned to K.C.'s house. T.C. went into the house to get A.R. a bottle while K.C. stayed outside with two friends to work on her car. According to K.C., Robinson arrived at her house and blocked her driveway with his car. K.C. then told A.M. to go and lock the front door of her house. After discovering that T.C. was not outside, Robinson smashed the back and side windows of T.C.'s car. K.C. stated that upon hearing the noise, T.C. came outside. Robinson then charged at T.C., and she ran towards Robinson's car. Robinson jumped on his car, slid down the trunk, and caught up with T.C. behind

3

his car. According to K.C., he then punched T.C. in the face and in the process, also hit A.R. As T.C. struggled to get away from Robinson, K.C. told A.M. to call the police. Robinson then left K.C.'s house in his car.

A.M. testified that on August 13th, 2017, she went shopping out of town with T.C., K.C., and A.R. She stated that T.C. and Robinson had "[a] very abusive" relationship. A.M. testified that Robinson had threatened T.C. several times and had previously smashed her car windows. According to A.M., when they arrived back at K.C.'s house after shopping, she and T.C. went into K.C's house with the baby. A.M. locked the door behind her. Robinson drove up to the house, tried to open the house door but could not, then returned to his car. A.M. stated she then went outside and joined K.C. while K.C. worked on her car. Robinson came back from his car with "something in his hand" and smashed T.C.'s back and side car windows. According to A.M., T.C. came outside while holding A.R. and Robinson chased her through K.C.'s front yard until T.C. and Robinson were both standing in the street. A.M. stated that Robinson grabbed T.C. and she tried to pull away from him.[2] Robinson then threatened T.C. and "swung" at her, hitting both T.C. and A.R. After Robinson attacked T.C., K.C. grabbed A.R. from T.C. and placed the baby with A.M. A.M.

---

[2] During cross examination A.M. testified that she did not remember if Robinson jumped on his car and slid over his trunk to reach T.C.

4

testified that she then ran into K.C.'s house and locked the door behind her. A.M. stated that she called 911 when Robinson first smashed T.C.'s car window after K.C. told her to call the police.[3]

Officer Antonio Furr testified that he responded to the 911 call on August 13, 2017. Furr stated that the call was labeled a "disturbance call," typically denoting a verbal or physical assault between two people. When Furr arrived, he spoke to T.C. and noted that she had a visible knot or contusion on her forehead.[4] He also observed the damage to T.C.'s vehicle. Furr stated that T.C identified Robinson as her assailant.[5]

The jury convicted Robinson of Assault on a Family Member and assessed punishment at seven years in the Texas Department of Criminal Justice. Robinson timely filed this appeal.

---

[3] A copy of two 911 calls were authenticated, admitted at trial without objection, and played for the jury.

[4] Photographs of T.C.'s injuries were admitted at trial.

[5] A detective and an investigator with the Beaumont Police Department also testified. The detective identified a recorded conversation between himself and Robinson, where Robinson agreed to come to the police station and speak to the Detective. According to the detective, Robinson did not show up and the recorded conversation was admitted at trial. The investigator testified to Robinson's prior convictions used to enhance his criminal charges.

## Issues One and Two

In his first two issues, Robinson challenges the legal sufficiency of the evidence regarding the underlying enhancements used in his conviction.[6] Robinson is seeking to collaterally attack the underlying judgment used to enhance his sentence in this case.[7] Robinson can, in limited circumstances, attack an enhancement judgment on appeal.

> A prior conviction that was alleged for enhancement may be collaterally attacked if it is void (as it would be if it were based on a fundamentally defective indictment) or if it is tainted by a constitutional defect (as it would be if an indigent defendant had been denied counsel in a felony trial). Other, lesser infirmities in a prior conviction may not be raised by a collateral attack. Such infirmities include insufficiency of evidence and irregularities in the judgment or sentence. It does not matter that such infirmities might have resulted in a reversal had they been presented by an appeal.

*Galloway v. State*, 578 S.W.2d 142, 143 (Tex. Crim. App. 1979) (citations omitted); *see also Ray v. State*, 908 S.W.2d 71, 72–73 (Tex. App.—Beaumont 1995, pet. ref'd). Robinson has not alleged one of these limited situations.

---

[6] While Robinson argues legal sufficiency in his first issues, he actually is challenging the underlying enhancement as alleged in the indictment to elevate the assault to a third-degree felony. As such, we only address his legal sufficiency issue as it relates to his challenge to the enhancement paragraph. "[S]ufficiency of the evidence with regard to a conviction and sufficiency with regard to a prior conviction alleged for enhancement purposes involve very different considerations." *Jordan v. State,* 256 S.W.3d 286, 292 (Tex. Crim. App. 2008).

[7] Without the enhancement, the allegations in this case would be a misdemeanor. *See* Tex. Penal Code Ann. § 22.01(b)(2)(A).

In examining the underlying enhancement, in February 2015, Robinson was indicted for a third-degree felony, family assault in cause number 15-21653. According to Robinson's plea admonishments that were admitted as evidence at the trial below, Robinson was charged with the "felony offense of: ASSAULT-FAMILY-FELONY[,]" but pled guilty to a "Class A (Lesser Included) up to 1 yr. Jail and/or up to $1000 Fine[.]" The trial court's original judgment in cause number 15-21653 states that Robinson pled guilty and was convicted of Family Assault and lists the "Degree of Offense" as a "CLASS A MISDEMEANOR[.]" Robinson was sentenced to one year confinement, suspended and probated for two years. In July of 2018, the trial court revoked Robinson's probation, and signed a judgment titled "Nunc Pro Tunc Judgment Revoking Community Supervision." The July 2018 judgment revoked Robinson's community supervision and ordered him to serve a jail sentence of ten months. The trial court also amended its previous judgment, changing Robinson's convicted offense to "CLASS A MISDEMEANOR ASSAULT/ FAMILY VIOLENCE" and adding the notation that the "OFFENSE OF CONVICTION WAS CORRECTED TO REFLECT ASSAULT/FAMILY VIOLENCE[.]"

In his brief, Robinson argues that this revision by the trial court in the Nunc Pro Tunc judgment signed in July 2018, "chang[ed] the offense of which Appellant

7

was convicted[,] [and] [t]his attempted change . . . is a nullity." Essentially, Robinson contends that in January 2017, he was convicted of a class A misdemeanor assault offense in the original judgment and that the trial court's subsequent change of his conviction in the July 2018 produced a "fatal variance between the *allegata* and the *probata*" alleged in the indictment in the present case. According to Robinson, the State's allegation that he was previously convicted of a family violence offense in cause number 15-21653 is incorrect, and therefore, is legally insufficient to convict him of felony family assault in the present case because "[t]he trial court simply could not adjudicate Appellant guilty of one lesser included offense by agreement and then change the offense of conviction upon revocation." Robinson argues that without the underlying family violence conviction, his current conviction would not be elevated to a third degree felony. Robinson concludes that the trial court wrongfully changed his conviction in cause number 15-21653 by its Nunc Pro Tunc Judgment and the evidence is legally insufficient to support the jury charge requiring that if the jury found Robinson "had previously been convicted of an offense under Chapter 22 of the Texas Penal Code, against a member of the Defendant's family, as described by Section 71.003 of the Texas Family Code . . . you shall find the defendant GUILTY[.]"

8

Robinson failed to show the enhancing judgment is void or constitutionally infirm. *See Galloway*, 578 S.W.2d at 143. "To properly attack such a conviction, the burden is on the party making the charge to show the conviction's invalidity in the record and preserve the error for appeal." *Alvear v. State*, 25 S.W.3d 241, 244 (Tex. App.—San Antonio 2000, no pet.) (citations omitted). This burden requires the defendant to prove the conviction's invalidity by a preponderance of the evidence. *Id*. Robinson's indictment in cause number 15-21653 states that he is charged with a third-degree felony, continuous family assault. Robinson's plea admonishments in cause number 15-21653 show that Robinson was charged with the offense of felony family assault. A notation on the plea papers states that if convicted, Robinson faced a "Class A (Lesser Inc.)[.]" The plea papers do not denote that Robinson is pleading to a Class A assault charge only. Additionally, Robinson's original judgment in cause number 15-21653 stated that Robinson was convicted of Family Assault and that the degree of the offense was a Class A Misdemeanor. In that January 2017 judgment, the trial court outlined the terms of the plea agreement.

> PROSECUTION FOR THE LESSER INCLUDED OFFENSE OF CLASS A MISDEMEANOR ASSAULT; CONFINEMENT IN THE COUNTY JAIL FOR A TERM OF ONE (1) YEAR, SENTENCE IS SUSPENDED AND DEFENDANT IS PLACED ON COMMUNITY SUPERVISION; $500.00 FINE.

9

Robinson's argument that the trial court did not have authority to amend its judgment to reflect that he was convicted of a Class A misdemeanor family assault in a Nunc Pro Tunc Judgment does not reach the high burden placed on the defendant to show that the underlying enhancement judgment is void or subject to a constitutional defect. Any irregularity of the Nunc Pro Tunc Judgment should have been challenged on immediate appeal from that judgment. The Court of Criminal Appeals has explained that an argument that a defendant was not properly charged in the underlying enhancement only, should have been properly challenged and reformed on a direct appeal from that judgment, and "[an] appellant may not make a collateral attack on that judgment which could have been corrected on direct appeal." *Gates v. State,* 471 S.W.2d 857, 858 (Tex. Crim. App. 1971) (citations omitted); *see also Bowles v. State*, 550 S.W.2d 84, 87 (Tex. Crim. App. 1977) (citations omitted) ("It has been the consistent holding of this Court that a judgment or sentence containing an irregularity which may be reformed on appeal or by nunc pro tunc entry is not void, and may not be collaterally attacked.").

> [P]rior convictions used to enhance a *subsequent charge* may be collaterally attacked by appeal of the judgment where those prior convictions used for enhancement are void. However, lesser infirmities allegedly present in the prior convictions, (such as insufficiency of evidence and irregularities in the judgment or sentence), may not be raised in a direct appeal of the *unrelated subsequent* judgment. Lesser infirmities may cause a conviction to be erroneous, and, thus, voidable. Such infirmities do not, however, render the conviction void.

10

*Shipley v. State*, 828 S.W.2d 475, 478 (Tex. App—El Paso 1992, pet. ref'd) (citations omitted).

Therefore, even if Appellant's conviction in cause number 15-21653 could have resulted in a voidable order had he properly appealed it, this does not rise to the level of demonstrating a void judgment or constitutional defect as required by *Galloway*.[8] 578 S.W.2d at 143; *Bowles*, 550 S.W.3d at 87. "It has been the recognized rule, consistent with the steady holdings of the Court of Criminal Appeals, that any irregularity in a judgment or sentence which may be reformed on appeal is not void and may not be, for that reason, collaterally attacked." *Wilson v. State*, 747 S.W.2d 490, 493 (Tex. App.—Beaumont 1988, pet. ref'd) (citations omitted); *Johnson v. State*, 629 S.W.2d 137, 139 (Tex. App.—Dallas 1982, no pet.) (noting that the sufficiency of the evidence of the prior convictions may not be collaterally attacked on appeal). Robinson has failed to show a void judgment or constitutional defect as required by *Galloway* to challenge an enhancement sentence

---

[8] The following cases have held that the underlying enhancement judgment was a void judgment. *See Burney v. State*, 614 S.W.2d 834, 835 (Tex. Crim. App. 1981) (prior conviction void because of "fundamentally defective indictment" that omitted an element of the crime and deprived the trial court of jurisdiction); *Fullbright v. State*, 818 S.W.2d 808, 810 (Tex. Crim. App. 1991) (holding that a judgment was void where the punishment fell below the statutory minimum).

on appeal of a subsequent conviction. *See* 578 S.W.2d at 143. Therefore, we overrule Robinson's first and second issues.

## Issue Three

In his final issue, Robinson challenges the trial court's decision denying his request for a jury instruction for a lesser included offense of a Class A assault.[9]

We review a trial court's decision whether to incorporate a lesser included offense in the jury charge under a two-step analysis. *State v. Meru*, 414 S.W.3d 159, 162 (Tex. Crim. App. 2013); *see also Bullock v. State*, 509 S.W.3d 921, 924 (Tex. Crim. App. 2016) (citations omitted). In conducting this analysis, we ask whether the elements of the lesser included offense are encompassed within the proof necessary to establish the elements of the charged offense and whether there is evidence in the record that could allow a jury to find the defendant guilty of only the lesser included offense. *See Meru*, 414 S.W.3d at 162–63. "An offense is a lesser included offense if [] it is established by proof of the same or less than all the facts required to establish the commission of the offense charged[.]" Tex. Code Crim. Proc. Ann. art. 37.09(1). "Both statutory elements and any descriptive averments

---

[9] Robinson raises the same argument as issues one and two in issue three. Since we have already addressed his argument against the enhancement judgment herein, we will not readdress that issue now. *See Nation v. State,* 762 S.W.2d 290, 292 (Tex. App.—Beaumont 1988, no pet.).

[i.e., manner and means,] alleged in the indictment for the greater-inclusive offense should be compared to the statutory elements of the lesser offense." *Ex parte Watson*, 306 S.W.3d 259, 273 (Tex. Crim. App. 2009). Expressed another way, when evaluating whether a defendant is entitled to a lesser included offense in the jury charge, we compare the elements of the greater offense, as pleaded by the State in the indictment, with the statutory elements defining the lesser offense. *See Hall v. State*, 225 S.W.3d 524, 525 (Tex. Crim. App. 2007).

Because the first step in the analysis is a question of law, we conduct a *de novo* review. *Palmer v. State*, 471 S.W.3d 569, 570 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (citing *Hall*, 225 S.W.3d at 535). The second step requires that we determine whether there is evidence to support giving the instruction to the jury. *Hall*, 225 S.W.3d at 536. "The evidence must establish that the lesser-included offense is a valid, rational alternative to the charged offense." *Bullock*, 509 S.W.3d at 925 (citing *Rice v. State*, 333 S.W.3d 140, 145 (Tex. Crim. App. 2011)). In the second step of the analysis, we review the trial court's decision for an abuse of discretion. *Palmer*, 471 S.W.3d at 570.

Neither the State nor Robinson dispute that assault is a lesser included offense of Felony Assault on a Family Member as charged by the State.

> A defendant is entitled to an instruction on a lesser-included offense where the proof for the offense charged includes the proof necessary to

13

establish the lesser-included offense and there is some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser-included offense.

*See Hall*, 225 S.W.3d at 536 (citations omitted). Accordingly, we confine our review of this issue to the second prong of the test, whether a rational jury could have found Robinson guilty of only the lesser included offense.

In reviewing the elements of assault as defined by Texas Penal Code 22.01 subsection (a)(1), "[a] person commits an offense if the person: (1) intentionally, knowingly, or recklessly causes bodily injury to another . . . [.]" Tex. Penal Code Ann. § 22.01(a)(1). At trial, Robinson's trial counsel argued for the lesser included offense stating that there was no evidence of a family relationship between the parties to warrant family assault charges. The trial court denied Robinson's request.

The Jury Charge contained the following language:

> Now, if you believe from the evidence beyond a reasonable doubt that in Jefferson County, Texas on or about August 13, 2017, the defendant Derek Stewart Robinson, did then and there intentionally, knowingly, or recklessly cause bodily injury to [T.C.], a member of Defendant's family, as described by Section 71.003 of the Texas Family Code, by striking the Complainant in the head with his hand, and before the commission of the charged offense, the defendant had previously been convicted of an offense under Chapter 22 of the Texas Penal Code, against a member of the Defendant's family, as described by Section 71.003 of the Texas Family Code, to-wit: on January 30, 2017, in the Criminal District Court of Jefferson County, Texas, in Cause No. 15-21653, you shall find the defendant GUILTY of the offense of Assault on a Family Member With a Previous Family Assault Conviction.

14

Unless you so find, or if you have reasonable doubt thereof, you shall find the defendant NOT GUILTY.

Section 71.003 of the Texas Family Code provides, "'Family' includes . . . individuals who are the parents of the same child, without regard to marriage, and a foster child and foster parent, without regard to whether those individuals reside together." Tex. Fam. Code Ann. § 71.003. Evidence was undisputed that Robinson and T.C. are the parents of the same child, A.R. The jury heard evidence that there was a custody lawsuit pending between T.C. and Robinson and an order for child support. Robinson's trial counsel questioned T.C. about visitation for Robinson with the child and their visitation schedule pursuant to a court order. The mother was asked if Robinson was a "[c]o-equal parent[.]" Additionally, T.C. testified that on the day of the attack, Robinson came to her house asking to get his daughter. Robinson did not expressly dispute paternity or provide any evidence that he was not A.R.'s father. The jury could have inferred beyond a reasonable doubt that Robinson and T.C. were the parents of the same child.

The Court of Criminal Appeals has stated "that the standard may be satisfied if some evidence refutes or negates other evidence establishing the greater offense or if the evidence presented is subject to different interpretations." *Sweed v. State*, 351 S.W.3d 63, 68 (Tex. Crim. App. 2011) (citing *Robertson v. State*, 871 S.W.2d

15

701, 706 (Tex. Crim. App. 1993)). "The evidence must establish the lesser-included offense as 'a valid rational alternative to the charged offense.'" *Id*. (quoting *Segundo v. State*, 270 S.W.3d 79, 90–91 (Tex.Crim.App.2008)). It is not enough that the jury may disbelieve crucial evidence relating to the greater offense; there must be some evidence directly germane to the lesser offense before an instruction on a lesser included offense is warranted. *Id.* If the trial court instructed the jury on a lesser included offense not raised by the evidence, the instruction would be "an invitation to the jury to reach an irrational verdict." *See Arevalo v. State*, 943 S.W.2d 887, 890 (Tex. Crim. App. 1997), overruled on other grounds by *Grey v. State*, 298 S.W.3d 644, 649–51 (Tex. Crim. App. 2009). The record before us does not contain more than a scintilla of evidence that a reasonable jury could have believed that Robinson was not A.R.'s father and therefore, not a family member of T.C. as defined by section 71.003 of the Family Code. *See* Tex. Fam. Code Ann. § 71.003. We overrule Robinson's final issue.

## Conclusion

Having overruled all of Robinson's issues on appeal, we affirm the judgment of the trial court.

AFFIRMED.

_____
CHARLES KREGER
Justice

16

Submitted on December 9, 2019
Opinion Delivered April 15, 2020
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.